CARL RAY DEARING V. THE STATE.

No. 23591. Delivered April 30, 1947.
Rehearing Denied October 22, 1947.

C. A. *Williams,* of Childress, and *R. L. Templeton,* of Welling-ton, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of murder and his punishment was assessed at confinement in the state penitentiary for a term of 99 years.

The record reflects that appellant, a boy of 16 years of age, on the 14th day of July, 1945, by force, entered the home of M. A. Barton during the absence of Mr. and Mrs. Barton, took some jewelry and some small change which he found therein and appropriated the same. He then took Mr. Barton's 22 caliber rifle from behind a door and secreted himself with it in a closet. When Mrs. Barton, who had gone to get her mail, returned and while sitting in her bedroom reading, he emerged from his hiding place with the rifle, commanded her to "stick 'em up."

He then forced her to write a check in the sum of Forty Dollars payable to him. After he had obtained the check, he attempted to ravish her, but she managed to dart out of the house and run in the direction of where her husband was plowing in a field some 700 yards away. Appellant followed her out of the house and shot her in the back, from the effects of which she died. He then ran away taking the loot, including the check, with him. On the afternoon of the same day, he gave the watch, rings, and Ten Dollars to his mother. He was arrested soon after he cashed the check at which time he made a written confession and as a result thereof, the officers found and recovered the stolen property.

Thereafter, on the 20th day of July, 1945, the County Attorney of Collingsworth County filed a petition with the County Clerk charging appellant as a delinquent child by reason of having theretofore, on the 9th day of May, 1945, burglarized the home of James Holley with intent to commit theft and did, then and there, fraudulently take from said house five cartons of cigarettes of the value of Eight Dollars, without the consent of James Holley, etc. Upon a hearing of the matters charged in the petition, he was adjudged a delinquent child and committed to the State's training school for boys at Gatesville for an indeterminate period of time not exceeding beyond the time when he shall reach the age of twenty one years, subject to modification or revocation from time to time.

Thereafter, on the 24th day of May, 1946, after he had arrived at the age of seventeen years, the grand jury returned an indictment against him wherein he was charged with the murder of Lora Barton by shooting her with a gun. Upon the return of the indictment, the court issued a bench warrant for him and he was returned to Collingsworth County under and by virtue of said warrant, tried, and convicted for the murder of Mrs. Barton.

When the case came up for trial, appellant filed a plea of former jeopardy based on the ground that since he was under 17 years of age at the time of the commission of the offense charged, and since he had been adjudged a delinquent child and sent to the State's training school for boys, it included and covered all offenses of which he was guilty at the time he was adjudged a delinquent child. The court declined to entertain said plea and overruled same to which he excepted.

This constitutes his first complaint. It will be noted from

the foregoing statement that the question to be disposed of is, did former jeopardy apply in the instant case? We do not think so for the following reasons: First, the burglary by appellant of the James Holley home was committed five days prior to the time he killed Mrs. Barton. The two offenses were separate and distinct. Neither had any relation to the other. Section 14 of Article I of our State Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction." It will be noted that appellant could not claim jeopardy since the offense for which he was on trial and the one for which he had been adjudicated a delinquent child were separate and distinct offenses.

Subdivision (3) of Section 13 of the Acts of the 48th Legislature, among other things, provides "No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a convicton, nor shall any child be charged with or convicted of a crime, in any court." Therefore, by reason of the foregoing provision of the Act referred to, the appellant was not convicted of a crime. He was not punished, he was merely adjudged a delinquent child and sent to the State's training school for boys for moral training, reformation, and education. Such a proceeding, under our present statute, is civil in its nature. Therefore, jeopardy does not arise by virtue of such a civil proceeding.

We come now to consider the question of whether or not the District Court of Collingsworth County had jurisdiction to try him on the charge of murder while he was still under the jurisdiction of the juvenile court. This presents quite an interesting question which is not free from difficulty. Section 3 of said Act defines a delinquent child to mean a female person over the age of 10 years and under the age of 18 years; a male person over the age of 10 years and under the age of 17 years, who violates any penal law of this state of the grade of felony; or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail, etc.

Section 5 thereof, provides: "The Juvenile Court shall have exclusive, original jurisdiction of proceedings governing any

delinquent child, and such court shall be deemed in session at all times. * * * When jurisdiction shall have been obtained by the court in the case of any child, such child shall continue under the jurisdiction of the court until he becomes 21 years of age, unless discharged prior thereto; such continued jurisdiction shall, however, in no manner prejudice or constitute a bar to subsequent or additional proceedings against such child under the provisions of this Act."

Before we begin a discussion of the question of jurisdiction, we deem it proper to here state that the Juvenile Act passed by the 48th Legislature did not repeal Art. 30, P. C., which reads as follows:

"No person shall be convicted of any offense committed before he was nine years old except perjury, and for that only when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath; nor of any other offense committed between the ages of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense."

Neither did it repeal Art. 31, P. C., which reads as follows:

"One under 17 not punishable capitally.------A person for an offense committed before he arrived at the age of seventeen years shall in no case be punished with death."

With these Articles remaining in force and effect, they should be considered and construed in connection with the Juvenile Act so as to uphold both statutes, if possible, rather than to strike down either, or both.

In Sec. 12 of the Delinquent Juvenile Act, we find the following provision:

"If during the pendency of a criminal charge or indictment against any person in any other court than a Juvenile Court, it shall be ascertained that said person is a female over the age of ten (10) years and under the age of eighten (18) years, or is a male person over the age of ten (10) years and under the age of seventeen (17) years at the time of the trial for the alleged offense, it shall be the duty of such court to transfer such case immediately together with all papers * * * to the Juvenile Court * * *."

In the case of Dendy v. Wilson, 179 S. W. (2d) 269, the Supreme Court, touching the question under consideration, said, that the Section just quoted implied "that if the defendant is above the statutory age limit at the time of trial, even though the act upon which the prosecution is based was committed while the defendant was within the age limits, the courts can try him for the crime." This interpretation of the language of the Act is fortified by the fact that the Court of Criminal Appeals has always held that the age at the time of trial is the controlling factor. See McLaren v. State, 85 Tex. Cr. R. 31, Walker v. State, 119 Tex. Cr. R. 330, Stallings v. State, 129 Tex. Cr. R. 300, Hardie v. State, 140 Tex. Cr. R. 368; 144 S. W. (2d) 571. With this construction of Section 12 of said Act, we are in accord. Such seems to be the logical conclusion to be drawn from the language of said section of said Act.

To hold that a male child who committed an offense two days, two weeks, or two months prior to the time that he became 17 years of age could not be prosecuted for said offense after he reached his 17th year would be creating a haven of refuge for the criminally inclined. It would be destructive to the social fabric of orderly society. Such a doctrine, we are unwilling to announce. On the other hand, to hold that a boy who committed a heinous offense before he became 17 years of age could not be tried for that offense after he arrived at the age of 17 would be equally as bad. Orderly society is entitled to protection as well as a delinquent child.

Having reached the conclusion that the trial court had the legal right to try appellant for the offense with which he stood charged, it also had the right to take him from the State's training school and bring him before the bar of justice to be dealt with as provided by the Penal Code of this State. Otherwise, he would be immune from prosecution until he had reached the age of 21 years. This, in our opinion, was not the intention of the Legislature at the time it enacted the Juvenile Statute.

His third complaint relates to the action of the trial court in declining to grant his application to appoint a psychiatrist as provided for in Sec. 16 of Art. 2338 of the Revised Civil Statutes. This section of the Article referred to is applicable on the hearing of cases in the Juvenile Court and is not applicable in the trial of a defendant properly charged with a felony in the District Court. In the instant case, he might have had a trial on the issue of insanity prior to the trial on the indictment

wherein he was charged with murder, had he complied with Art. 923a, C. C. P.

Appellant's fourth complaint relates to the action of the court in admitting in evidence, over his timely objection, a written voluntary confession made by him to the District Attorney after the statutory warning was given him. He bases his contention on Subdivision 3 of Section 12 of the Delinquent Juvenile Act which among other things provides as follows:

"The disposition of the child or any evidence in the court shall not be admissible as evidence against the child in any case or proceeding in any other court, other than a Juvenile Court, etc."

It will be noted that the language of Subdivision 3 of Sec. 12 prohibits the use of any evidence given on the hearing of a delinquent child in a Juvenile Court, to be used against him in any case or proceeding in any other court. This confession was made by him three days before the petition was filed in the Juvenile Court charging him with the burglary of the Holley home and four days before he was adjudged to be a delinquent child, and so far as this record shows, the confession was not introduced in evidence on the hearing in the Juvenile Court. Consequently, the State did not violate the provision of the section referred to by introducing it upon appellant's trial for the murder of Mrs. Barton. Moreover, the purported confession only related to the murder of Mrs. Barton. There was not a word in the confession which in any sense related to the burglary of the Holley home.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

HAWKINS, Presiding Judge (Concurring).

I concur in the opinion of our Commissioner, Judge Krueger, in affirming this case, and deem it appropriate to state my reasons therefor.

When appellant was adjudged a delinquent child he was not convicted or punished for the *crime* of burglary under the Acts of the 48th Legislature. Indeed, he could not have been because the procedure in which he was adjudged to be a delinquent child was purely civil in character. He was adjudged a delinquent child based upon the act of burglary. Under the said Acts of

the Legislature a boy between the ages of 10 and 17, or a girl between the ages of 10 and 18, may be adjudged a delinquent child for certain specified acts. When a boy passes the age of 17, or a girl passes the age of 18, it ceases to be a delinquent *child*. A failure to recognize this fact has, I think, caused much confusion in the use of language construing said act of the Legislature, and specially does it seem to be true with reference to the latter part of Section 13 (3) of said Act which reads: " * * * nor shall any child be charged with or convicted of a crime in any court." It will be noted that the language quoted is not subject to the construction that no prosecution, conviction or punishment shall ever be had for a crime committed by a boy between 10 and 17, or a girl between 10 and 18. The proper construction appears to be that if the boy or girl between the ages mentioned is proceeded against before the maximum age is reached it must be in the nature of the civil procedure for delinquency, but after the maximum age has been attained the person is no longer a *child* under the terms of the law in question, and may then be prosecuted for the crime committed.

Any other construction would appear to bring about a paradox in our law which the present writer cannot bring himself to believe was ever intended by the Legislature. Arts. 30 and 31, P. C. are copied in the original opinion. Neither of them are expressly repealed by the Act of the 48th Legislature. Under Art. 30 P. C. a person between the ages of nine and thirteen years of age may be prosecuted for an offense committed if it "appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense." Under that article a person under ten years of age, if brought within the provisions specified could be prosecuted, convicted and punished for a crime committed, and could not be proceeded against as a delinquent because the Act of the 48th Legislature limits its application to those whose minimum age is ten years.

Until the Legislature in express terms prohibits the prosecution for crimes committed at the time a male person is under 17, or a female person is under 18, even after they have attained the maximum age limit, any other construction of the law than as herein suggested seems unreasonable.

For the reason herein suggested, as well as those set out in the main opinion, the writer concurs in the affirmance of the judgment.

BEAUCHAMP, Judge (Concurring).

I am concurring in the affirmance of the case, but cannot agree to the reasoning in its entirety. The appellant was first tried for burglary, while this conviction was for murder. Consequently there is no basis for a plea of former jeopardy. I cannot say that he was not *punished* as a juvenile, in that case, for such conclusion is contrary to Santillian v. State, 182 S. W. (2d) 812, and would, in my opinion, disqualify every boy between the ages of ten and seventeen, and every girl beween the ages of ten and eighteen, to testify as a witness in any case, as fully discussed in the Santillian case. In writing on the motion for rehearing in that case Judge Graves said:

"We think the legislature had not the intention nor the power to say that no child shall be 'charged with or convicted of crime in any court.'

"Had they added thereto the phrase 'except for perjury,' then this court would have no quarrel with such provision, but standing alone, it would deprive such child of its right to be heard in any court in redress of its wrongs.

"We think the phrase: 'nor shall any child be charged with or convicted of a crime in any court,' is violative of the Constitution of Texas and also our Federal Constitution."

The reasoning approved by my associates in the instant case appears to me to be in conflict with the above quotation from the Santillian case. In the opinion of the writer, any effort to reconcile the provisions of Section 13, Acts of the 48th Legislature, commonly referred to as the juvenile act, is futile. The purpose of the act is laudable. Some of the provisions are practical, but there is no escaping the fact that much of the act is illogical. The legislature has the power to rewrite and make valid such provisions as are in conflict with the Constitution, but I do not feel that this court can.

It has always been held that a boy committing a criminal act while under seventeen years of age may thereafter be tried for the offense. Since the Juvenile Act under discussion declares such child cannot commit an offense, I am at a loss to understand how time can make it so. The answer is in the weakness of the pronouncement.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's motion reiterates the complaints set forth in his original brief herein, as well as comments on a failure of the two concurring opinions herein to be in total agreement on certain phrases of the Juvenile Act of the 48th Legislature, Regular Session, page 313, et seq. We can but repeat that we do not think appellant was entitled to plead his trial as a juvenile on account of a certain charged burglary, as having been thereby placed in jeopardy for the unlawful killing of Mrs. Barton.

It is noted that the pleading upon which appellant was adadjudged a delinquent child in no way mentioned any offense save the burglary of a house and theft therefrom, same occurring some five days prior to the death of Mrs. Barton. It was necessary to charge in writing and prove whatever violations of the penal laws by the juvenile relied upon by the State to show the delinquency of the juvenile. See 15 Tex. Jur. pp. 12-13, sec. 11; Milton Robinson v. State, (opinion of Court of Civil Appeals, dated Oct. 1, 1947; Ex parte Boggs, 171 S. W. (2d) 879; Reeves v. State, 162 S. W. (2d) 705. It is the holding of these last two cases that the State's pleading in a juvenile case should set forth the acts complained of that are relied upon to constitute the delinquency, and it follows that acts not so set forth cannot be relied upon to establish such delinquency. We think this appellant was adjudged a delinquent on account of the prior offense of burglary, and for that and other reasons set forth in the original opinion, he has never been in jeopardy for the murder of this unfortunate lady.

The construction of this recent act of the 48th Legislature (page 313, et seq.) has given this court much concern. This writer confesses his inability to understand how one must first violate a penal law of the state before he can become a delinquent under Section 3 of the act, and yet the same law declares that such violation is not a crime but a mere civil offense, and that a juvenile who has unlawfully taken a human life is not guilty of a crime although such act is murder, and must be alleged and proved if relied upon under Section 3 (a) of such act. The crime of murder is as old as history, both sacred and profane, and while we think the Legislature has the power to grade and fix the punishment for murder, it cannot say that an unlawful killing of a person upon malice is not an offense against the statutory law depending upon the age of the perpetrator.

We think the matter at difference in the two concurring opinions can be solved by here holding that while the appellant

is confined and punished by reason of his delinquency, he is not being confined and punished for the crime of burglary. True it is that because he has committed an offense denounced as penal, that such was the reason of his delinquency having been determined and his confinement is caused by the fact of his being a delinquent child; and although in the absence of such burglarious act, his delinquency could not be established, nevertheless his confinement, and therefore punishment, is for being a delinquent child and not for being a convicted burglar.

Another element of his conviction is the fact that he was a child as designated by the recent Legislative act, and it can be said that he has been tried for being a delinquent child, such being caused, among other things, by his therein set forth burglarious act. We do not think the reasoning in these opinions is in conflict with Santillian v. State, 182 S. W. (2d) 812, and we leave to other and future cases many vexing problems that will doubtless be presented to us on account of the language found in the Act of the 48th Legislature, p. 313.

We think the conclusion heretofore expressed in the original opinion properly disposed of the matters arising herein, and appellant's motion will therefore be overruled.