**Ex parte Ruben MERCADO, Appellant.**

**No. 60955.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 16, 1979.

Rehearing Denied Nov. 21, 1979.

Charles S. Black, Jr., Austin, for appellant.

Ronald D. Earle, Dist. Atty., Bill White, Asst. Dist. Atty., and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

Petitioner contends that because of the language of V.T.C.A., Family Code, Section 51.02(1)(B) [1] and his prior adjudicated status as a delinquent child,[2] the district court lacked jurisdiction to try him for the offense of aggravated robbery committed after his 17th birthday without a waiver of jurisdiction being entered by the juvenile court under Section 54.02 of the Family Code.

We cannot interpret the statutory provisions cited to us without reference to their context. V.T.C.A., Penal Code, Section 8.07(b) and (c) provide:

(b) Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age except:

(1) perjury and aggravated perjury when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath;

(2) a violation of a penal statute cognizable under Chapter 302, Acts of the 55th Legislature, Regular Session, 1957, as amended, except conduct which violates the laws of this state prohibiting driving while intoxicated or under the influence of intoxicating liquor (first or subsequent offense) or driving while under the influence of any narcotic drug or of any other drug to a degree which renders him incapable of safely driving a vehicle (first or subsequent offense); or

(3) a violation of a motor vehicle traffic ordinance of an incorporated city or town in this state.

(c) Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person who has been alleged in a petition for an adjudication hearing to have engaged in delinquent conduct or conduct indicating a need for supervision may not be prosecuted for or convicted of any offense alleged in the juvenile court petition or any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the juvenile court proceedings.

V.T.C.A., Penal Code, Section 1.05(a) provides:

(a) The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code.

V.T.C.A., Family Code, Section 51.01(3) provides:

---

1. V.T.C.A., Family Code, Section 51.02(1)(B):

(1) "Child" means a person who is: . . .

(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

2. On June 6, 1975, prior to petitioner's 17th birthday, he was so adjudicated in a juvenile court of Travis County in Cause No. J–5834.

This title shall be construed to effectuate the following public purposes: . .

(3) consistent with the protection of the public interest, to remove from children committing unlawful acts the taint of criminality and the consequences of criminal behavior and to substitute a program of treatment, training, and rehabilitation; . . .

V.T.C.A., Family Code, Section 54.02(a) provides:

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

We believe that the Legislature did not intend to impede adult prosecution of adjudicated delinquents for offenses they commit between their 17th and 18th birthdays. A reasonable interpretation of the statutory provisions relied on by petitioner is that he is not subject to prosecution as an adult for offenses against the Penal Code committed prior to his 17th birthday, save for those specifically excepted under V.T.C.A., Penal Code, Section 8.07(b), (1) through (3), or in which the juvenile court waives its jurisdiction. In fact, previously adjudicated delinquents who subsequently commit penal offenses after reaching age 17 demonstrate rather markedly the failure of the purposes of the Family Code—specifically the purpose of "treatment, training, and rehabilita-

tion." Section 51.01(3), supra. To interpret the statutes as petitioner contends would result in unequal protection of the laws for a small class of individuals without any justifying State interest.

In further and independent support of our interpretation is the Dallas Court of Civil Appeals opinion in *In Matter of A——— N——— M———*, 542 S.W.2d 916 (1976). There the court interpreted the Family Code as not affecting previous law that held a commitment of a juvenile to the Texas Youth Council was an abdication of the juvenile court's jurisdiction over the child in favor of the Council's. See and cf. Tex. Att'y Gen. Op.No.H–642 (1975).

We therefore hold that any person, regardless of his or her previous history of juvenile adjudication, who commits an offense against the laws of this State after reaching 17 years of age is subject to prosecution as an adult without any preliminary proceedings in the juvenile courts. Accordingly, the relief petitioner seeks is denied.

Before the court en banc.

## MOTION FOR REHEARING

CLINTON, Judge.

May 24, 1973 the Senate concurred in House amendments to S.B.No.34 and thereby enacted the new Texas Penal Code.[1] It was approved June 14, 1973 to generally become effective January 1, 1974. Its § 8.07, Age Affecting Criminal Responsibility, insofar as pertinent here, then provided in subsection (b):

"(b) . . . (A) person who is younger than 17 years [of age] may not be prosecuted or convicted for any offense, unless the juvenile court waives jurisdiction and certifies him for criminal prosecution."

May 25, 1973, the Senate concurred in House amendments to S.B.No.111 and thereby enacted Title 3 of the Family Code.[2] It was approved June 16, 1973 to become effective September 1, 1973.[3] Its

1. Acts 1973, 63rd Leg., ch. 399.

2. Acts 1973, 63rd Leg., ch. 544.

3. Section 4 of S.B.No.111, in providing its effective date, further mandated that the Act "governs all proceedings, orders, and judgments brought after it takes effect . . . ."

§ 51.02, Definitions, insofar as pertinent here, provided in subsection (1):

"(1) 'Child' means a person who is:

(A) ten years of age or older and under 17 years of age; or

(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age."

Section 2 of S.B.No.111[4] amended Article 30, Penal Code, 1925, Children Not Punishable, insofar as pertinent here, to provide in Section (b):

"(b) Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age (with exceptions not applicable here)."

These statutory provisions were still in effect on June 27, 1975[5] when appellant, then fourteen years old and having been adjudicated a child in need of supervision, was committed by the Juvenile Court of Travis County to the care, custody and control of the Texas Youth Council for an indeterminate period not to exceed his eighteenth birthday.[6]

The extremely narrow question presented in this post-conviction habeas corpus proceeding pursuant to Article 11.07, V.A.C. C.P., is whether they, the statutory provisions, and that fact, the commitment of applicant, so endowed him with a status of a "child" within the meaning of § 51.-02(1)(B), supra, as to make him immune from prosecution as an adult for the felony offense of aggravated robbery committed while on some character of release—but not discharge—from restraint by the Texas Youth Council, after he had become seventeen years of age but before the eighteenth anniversary of his birth. A panel opinion delivered May 16, 1979, denied relief, but in doing so wrote rather broadly with respect to anomalous consequences of adopting applicant's interpretation and the opinion of the court in the *Matter of A____ N____ M____,* supra, at note 6. Leave to file applicant's motion for rehearing was granted in order to explore and analyze the competing contentions of the parties to the end that our answer to the question is as narrow as the question.[7]

The matter is simply one of statutory interpretation—albeit making the interpretation may not be simple.[8] Applicant sees a need to reconcile "the conflicting sections" of the respective codes we have excerpted *ante.* The State argues from a scholarly stated view[9] that § 51.02(1)(B) "merely extends juvenile jurisdiction through [sic] the

4. 2 V.T.C.A. Family Code 467.

5. Acts 1975, 64th Leg., ch. 693, p. 2158, § 24, amended § 8.07(b), supra, to read exactly as § 2 of the Family Code, amended Article 30, supra, to read and, accordingly, repealed the latter. Its § 5 also made clear that Title 3 governed proceedings involving offending conduct "engaged in by a person who was a child within the meaning of this title at the time he engaged in the conduct," that is now § 51.04(a). However, that act did not become effective until September 1, 1975—slightly more than a month after our applicant was committed to TYC.

6. As to commitment to the Texas Youth Council and its options, see generally *Matter of A____ N____ M____,* 542 S.W.2d 916, 920–921 (Tex.Civ.App. Dallas 1976) and Texas Juvenile Defense Manual, Revised Edition, CDLP, 1978 Chapter 15, pp. 77–83.

7. Applicant himself views with alarm the notion that commitment of a child to the Texas Youth Council by a juvenile court is "an abdication of the juvenile court's jurisdiction over the child in favor of the Council's," as expressed in the panel opinion. We hear that alarm and our disposition of this case is not based on that *ratio decidendi.*

8. "Vexing problems" envisioned thirty years ago in *Dearing v. State,* 151 Tex.Cr.R. 6, 204 S.W.2d 983, 989 (Tex.Cr.App.1947) still remain.

9. Steele, "The Treatment of Juvenile Under the Family Code: An Overview," 5 Tex.Tech.L.Rev. 589, 591 (1974): A "child" within the meaning of § 51.02 is a "person 10 years of age or older and under 18 years of age who is alleged to have *committed the act in question before his seventeenth birthday."* (Emphasis by the State.)

age of 18 for those persons who committed the act in question before they reached age 17, and that penal acts committed by a person after 17 may be prosecuted in the District Court without regard to any prior juvenile action." Aided somewhat by both but not adopting wholeheartedly either position, for reasons about to be stated the Court will overrule applicant's motion for rehearing and deny the relief he seeks.

Applying germane rules of statutory construction, as mandated by V.T.C.A. Penal Code, § 1.05(b) [10] and the Code Construction Act, Article 5429b–2, V.A.C.S., we first find that the suggested reconciliation of the Penal Code and Family Code provisions, excerpted above, is not necessary. Section 3.11(c) dictates:

> "The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same legislature which enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision which revised the statute so amended, revised, or reenacted."

We agree then, with the statement in the practice commentary following § 8.07, "Thus the Family Code amendment to old Article 30 controls." Therefore the problem is not reconciliation but interpretation and construction of two provisions within the Act that gave us the Family Code and revised Article 30 of the 1925 Penal Code.

The definition of "child" in § 51.02(1) identifies two distinct classifications: one, the person over ten and under seventeen years of age and, two, the person seventeen years or older and under eighteen years of age who has committed acts of chargeable conduct before becoming seventeen years of age. "Exclusive original jurisdiction" [11] over a "child," as thus bottomed, is bestowed on the juvenile court on the basis of one classification or the other, and they appear to be mutually exclusive.[12] The first class is based purely on age with implicit underlying contemporaneous delinquent conduct; the second embraces explicitly both a narrow age bracket *and* the commission of offending acts before reaching that age. Obviously the second class is made redundant by the first—inevitably a member of the first class will simply age into the second [13]—*unless* we find a legislative intent and purpose to specialize the second class. We do.

They are, we are satisfied, to provide juvenile court jurisdiction to that limited category of young persons who commit unlawful acts before becoming age seventeen but who, for one reason or another, have not been brought within the juvenile justice system for those acts prior to reaching seventeen years of age. Thus the juvenile status of a person who ceased to be a child under § 51.02(1)(A) is continued for less than one year in order for the system to deal with that person until jurisdiction is terminated by law at age eighteen.[14] The plainly permissible objective is to provide an opportunity for the juvenile authorities to apply corrective measure to one whose chargeable acts are not found out until so near his seventeenth year that the initial jurisdiction of the system cannot be invoked while the person is still sixteen. Such intent, purpose and objective are derived directly from the language of § 51.02(1)(A) and (B).

---

**10.** Section 1.05(b) includes application of § 3.11 of the Act to the construction of the penal code unless context requires a different one, and we find here that it does not.

**11.** V.T.C.A. Family Code, Article 51.04(a) so characterized it in the phrase, "The juvenile court has exclusive original jurisdiction over proceedings . . ." Also in *id.* Article 54.-02(a).

**12.** We do not mean to say that a young person could never be subjected to the jurisdiction of a juvenile court on the first basis and then the other, for such a situation may easily be envisioned, but we need not examine the possibility for the factual setting here does not raise the matter. Our applicant was adjudicated and committed only once—in June 1975 when he was fourteen years old—so that the juvenile court acquired jurisdiction over him as a member of the first class defined in § 51.02(1)(A).

**13.** So here appellant is said to be in the second class merely by becoming seventeen years of age, having earlier been found a delinquent for acts committed before reaching that age.

**14.** V.T.C.A. Family Code, § 54.05(b).

Dovetailing the language of § 51.02(1)(B) with that of Article 30, P.C., as amended by S.B.No.111, supra, leaves no doubt that between September 1, 1973 and September 1, 1975, in the absence of waiver and certification by the juvenile court, a person—of whatever age—was not to be criminally prosecuted in a district court for any offense committed before becoming seventeen (with inapplicable exceptions), yet that same person, while between seventeen and eighteen, may be adjudicated and dispositioned by the juvenile court for chargeable acts committed before becoming seventeen. Thus, after passing the seventeenth anniversary of one's birth, a person is no longer a "child" with respect to criminal conduct committed after that occasion, and there is not any prohibition known to this Court against such a person being criminally prosecuted as an adult. The fact that at age fourteen he may have been adjudicated and committed to TYC does not, at law, preserve his favored status as a "child" against prosecution for a penal offense committed after reaching seventeen and before becoming eighteen.[15]

We hold that the statutory provisions in effect and the fact of adjudication and commitment to TYC by the juvenile court in June 1975 did not so endow our applicant with the status of a child within the meaning of § 51.02(1)(B) that he was immune for prosecution as an adult for the felony offense of aggravated robbery committed by him while at large from custodial restraint by TYC after he had become seventeen years of age but before he reached eighteen years of age. We decide no more than this and leave for another day all other questions that may arise from post September 1, 1975 situations.

Accordingly, appellant's motion for rehearing is in all things overruled, and the relief he seeks is denied.

DOUGLAS and DALLY, JJ., concur in the result.

15. See *Wood v. State*, 171 Tex.Cr.R. 307, 349 S.W.2d 605, 607 (Tex.Cr.App.1961) for a similar conclusion under the former delinquent child act. Article 2338–1, V.A.C.S. See also *Pruett v. State*, 463 S.W.2d 191, 192 (Tex.Cr. App.1971).