**In the Matter of N.J.A.**

**No. 01–96–00472–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 29, 1997.

Rehearing Overruled Oct. 20, 1997.

Gary M. Polland, Dionne Susan Press, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Before MIRABAL, HEDGES and ANDELL, JJ.

## OPINION

MIRABAL, Justice.

The juvenile court found appellant, N.J.A., engaged in delinquent conduct and committed her to the Texas Youth Commission for an indeterminate sentence. We reverse.

Appellant was born on October 21, 1977. She was 16 years old on May 22, 1994, the date of the alleged offense. She was 17 years old on November 1, 1994, when the State filed: (1) its original petition alleging appellant had engaged in delinquent conduct; and (2) a waiver of jurisdiction and certification petition. After a certification hearing resulted in a decision not to certify appellant as an adult, the State filed an amended petition on April 25, 1995. Appellant was 18 years old when the delinquency trial began on January 30, 1996.

In her sole point of error, appellant asserts the juvenile court erred in signing the order of adjudication because the juvenile court did not have jurisdiction of appellant.

■ Because the juvenile court is not one of general jurisdiction, its power to act is derived exclusively from the statutory grant of authority delineated in the Family Code. *Ex parte Mercado*, 590 S.W.2d 464, 468 (Tex.Crim.App.1979); *Geffert v. Yorktown Indep. Sch. Dist.*, 290 S.W. 1083, 1085 (Tex. Comm'n App.1927, judgm't adopted). Title 3 of the Texas Family Code provides a juvenile court has *exclusive original jurisdiction* over "proceedings in all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child within the meaning of this title at the time he engaged in the conduct." TEX.FAM.CODE.ANN. § 51.04(a) (Vernon 1996) (emphasis added).

A "child" under the code means a person who is:

(A) ten years of age or older and under 17 years of age; or

(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

TEX.FAM.CODE ANN. § 51.02(2)(A–B) (Vernon 1996).

■ Appellant does not fall within section 51.02(2)(A) because she is not currently 10 years of age or older and under 17 years of age. Section 51.02(2)(B) embraces a narrow age bracket—17 or older and *under 18*—combined with the commission of offending acts before reaching age 17. TEX.FAM.CODE.ANN. § 51.02(2)(B); *Ex parte Mercado*, 590 S.W.2d at 468.[1] The purpose of section 51.02(2)(B) is to:

> provide juvenile court jurisdiction to that limited category of young persons who commit unlawful acts before becoming age seventeen but who, for one reason or another, have not been brought within the juvenile justice system for those acts prior to reaching seventeen years of age. Thus, the juvenile status of a person who ceased to be a child under section 51.02(1)(A) is continued for less than one year in order for the system to deal with that person *until jurisdiction is terminated by law at age eighteen.*

*Ex parte Mercado*, 590 S.W.2d at 468 (emphasis added).

Appellant is not a child under section 51.02(2)(B)—although she was alleged to have committed the delinquent acts before turning 17, she turned 18 before trial. Thus, the juvenile court lost jurisdiction to try the case. *Ex parte Mercado*, 590 S.W.2d at 468. This conclusion is further supported by the fact that, under the statutes in effect at the time of the alleged

---

1. *Ex parte Mercado* refers to section 51.02(2)(A)–(B) as 51.02(1)(A)–(B). Section 51.02 was amended in 1995, resulting in the renumbering of section 51.02(1) to 51.02(2). Acts of May 31, 1995, 74th Leg., R.S., ch. 262, § 3, 1995 TEX.GEN.LAWS 2517, 2518.

delinquent conduct,[2] an appellate court could not remand a case to the juvenile court for a new adjudication hearing when the child had reached the age of majority, because the juvenile court no longer had jurisdiction. *See In the Matter of G.M.P.,* 909 S.W.2d 198, 212 (Tex.App.—Houston [14th Dist.] 1995, no writ) (appellate court could not remand for new adjudication hearing because appellant was 19 years old); *see also State v. Casanova,* 494 S.W.2d 812, 813 (Tex.1973) (under prior law, if juvenile reached age of 17, appellate court could not remand to juvenile court for new trial because juvenile court no longer had jurisdiction).

Accordingly, we sustain appellant's sole point of error.

We reverse the judgment of the juvenile court, vacate the judgment of the juvenile court, and dismiss the case.

---

**2.** We note that certain portions of the Family Code were amended in 1995, but they do not apply to the current case because the alleged delinquent conduct occurred in 1994. (*See* TEX.FAM.CODE ANN. §§ 51.041, 51.042, and 54.02(j), amended by acts of May 31, 1995, 74th Leg., R.S., ch. 262, 1995 TEX GEN.LAWS 2517, 2520, 2534 (effective January 1, 1996.)). We express no opinion regarding how the amendments, if applicable, would affect the outcome of this case.