997 S.W.2d 554 (1999)
In the Matter of N.J. A., Respondent.
No. 97-1146.
Supreme Court of Texas.
Argued November 17, 1998.
Decided July 1, 1999.
Alan Curry, John B. Holmes, Jr., Barbara K. Twigg, Houston, for Relator.
Gary M. Polland, Dionne Susan Press, Houston, for Respondent.
Justice BAKER delivered the opinion of the Court, in which Justice ENOCH, Justice OWEN, Justice HANKINSON, Justice O'NEILL and Justice GONZALES joined.
In this case, we consider whether a juvenile court had jurisdiction over N.J.A., a juvenile defendant, who was eighteen years old when her adjudication hearing began. The court of appeals held that the juvenile court did not have jurisdiction over N.J.A., and, therefore, the juvenile court erred in signing an adjudication order after N.J.A. turned eighteen. 997 S.W.2d 554. We hold that the juvenile court did have jurisdiction over N.J.A., but that such jurisdiction was limited and did not include the authority to adjudicate N.J.A. after she turned eighteen. Therefore, we reverse the court of appeals' judgment, vacate the juvenile court's adjudication and disposition orders of N.J.A., and remand the case to the juvenile court for further proceedings consistent with this opinion.

I. FACTS
N.J.A. was born on October 21, 1977. On May 22, 1994, the date of the alleged offense, N.J.A. was sixteen. On November 1, 1994, when N.J.A. was seventeen, the State filed an original petition alleging delinquent conduct. In an attempt to certify N.J.A. as an adult and have her case transferred from juvenile court to district court for criminal proceedings, the State also filed a petition to waive jurisdiction. See TEX. FAM.CODE § 54.02(a). After a hearing, the juvenile court decided not to *555 certify N.J.A. as an adult and retained her case in juvenile court. On April 25, 1995, the State filed an amended petition. N.J.A.'s delinquency trial began on January 30, 1996, when she was eighteen years old.
The juvenile court found that N.J.A. engaged in delinquent conduct and committed her to the Texas Youth Commission for an indeterminate sentence. The court of appeals reversed, holding that N.J.A. was not a "child" under section 51.02(2) of the Texas Family Code, and, therefore, the juvenile court did not have jurisdiction to try the case and sign an adjudication order. S.W.2d at . While we hold that the juvenile court did have jurisdiction over N.J.A., we agree with the court of appeals that the juvenile court's jurisdiction did not include the authority to try an eighteen-year-old defendant and adjudicate her delinquent. The juvenile court's jurisdiction was limited to dismissing N.J.A.'s case or transferring her to district court under section 54.02(j) of the Family Code.

II. APPLICABLE LAW
The juvenile court is not a court of general jurisdiction. The Family Code provides the juvenile court's authority to act. See TEX. FAM.CODE §§ 51.01-60.009; In the Matter of A.S., 875 S.W.2d 402, 403 (Tex.App.Corpus Christi 1994, no writ). The juvenile court has exclusive, original jurisdiction over all proceedings involving a defendant who is a "child" when the alleged offense occurred. See TEX. FAM. CODE § 51.04(a). The Family Code defines "child" as one who is:
(A) ten years of age or older and under 17 years of age; or
(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.
TEX. FAM.CODE § 51.02(2). Section 51.02(2) defines child as someone "under 18 years of age." TEX. FAM.CODE § 51.02(2).
Furthermore, section 54.05(b) of the Texas Family Code provides, "Except for commitment to the Texas Youth Commission, all dispositions automatically terminate when the child reaches his 18 th birthday." TEX. FAM.CODE § 54.05(b). Twenty-one is the maximum age for commitment to the Texas Youth Commission. See TEX. HUM. RES.CODE § 61.001(6). Because all dispositions, except for commitment to the Texas Youth Commission, terminate at age eighteen, the juvenile court, by implication, does not have the authority to conduct a disposition hearing after a child is eighteen years old. See TEX. FAM. CODE § 54.05(a), (b). Because an adjudication must necessarily precede a disposition, and the juvenile court does not have the authority to conduct a disposition hearing of a juvenile once she is eighteen years old, it follows that the juvenile court does not have the authority to adjudicate a juvenile who is eighteen years old or older either. Logically, once a juvenile becomes eighteen, the juvenile court's jurisdiction does not include the authority to adjudicate the juvenile.[1]See Dawson, Responding to Misrepresentations, Nondisclosures and Incorrect Assumptions About the Age of the Accused: The Jurisdictional Boundary Between Juvenile and Criminal Courts in Texas, 18 ST. MARY'S L.J., 1117, 1121-23 (1987)(even if the crime was committed before age seventeen, the juvenile court loses jurisdiction to adjudicate for delinquent conduct upon the defendant's eighteenth birthday).
However, section 54.02(j) of the Family Code does provide for a juvenile court's limited authority over a person who is *556 eighteen years old or older. See TEX. FAM. CODE § 54.02(j). This section allows the juvenile court to waive its exclusive, original jurisdiction and transfer a person who is eighteen years old or older if certain criteria are met. It provides:
(j) The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:
(1) the person is 18 years of age or older;

(2) the person was:
(A) 14 years of age or older and under 17 years of age at the time he is alleged to have committed a capital felony, an aggravated controlled substance felony, or a felony of the first degree; or
(B) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;
(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;
(4) the juvenile court finds from a preponderance of the evidence that:
(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18 th birthday of the person; or
(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18 th birthday of the person because:
(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18 th birthday of the person;
(ii) the person could not be found; or
(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and
(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.
TEX. FAM.CODE § 54.02(j)(emphasis added).

III. ANALYSIS
The State argues that because N.J.A. was seventeen years old when the State alleged that she engaged in delinquent conduct, and because she committed the acts before she was seventeen, she falls under section 51.02(2)(B)'s definition of "child."
N.J.A. responds that although she was alleged to have committed the delinquent conduct before she turned seventeen, she turned eighteen before her trial began. Therefore, when tried, she was not a "child" under section 51.02(2)(B), and the juvenile court did not have jurisdiction over her.
N.J.A. relies on Ex parte Mercado, 590 S.W.2d 464 (Tex.Crim.App.1979). In Mercado, the Court of Criminal Appeals stated in dicta that "[Juvenile court] jurisdiction is terminated by law at age eighteen." Ex parte Mercado, 590 S.W.2d at 468. We believe the Mercado statement is overly broad. We believe that the juvenile court does not lose exclusive original jurisdiction when a juvenile turns eighteen. We believe and hold that the juvenile court maintains jurisdiction, but that such jurisdiction is limited to transferring the case under section 54.02(j) if all criteria are satisfied or to dismissing the case, and does not include the power to adjudicate a juvenile who is eighteen years old or older.
N.J.A. committed the alleged offense when she was sixteen. The State had the rest of her sixteenth year and all of her seventeenth year to bring charges and prosecute her. See TEX. FAM.CODE §§ 51.02(2), 54.05(b). But section 54.02(j) creates a situation in which a person who is eighteen years old or older is subject to the juvenile court's power. Section 54.02(j) has five parts, all of which must be *557 satisfied before the juvenile court can waive its exclusive, original jurisdiction and transfer a person to district court. See TEX. FAM.CODE § 54.02(j). Section 54.02(j) does not imply that the juvenile court has jurisdiction to adjudicate a person who is eighteen years old or older. Section 54.02(j) simply allows the juvenile court to waive its exclusive original jurisdiction and transfer a case to district court if the person is eighteen years old or older and certain criteria are met. See TEX. FAM.CODE § 54.02(j). If the person is over age eighteen, and section 54.02(j)'s criteria are not satisfied, the juvenile court's only other option is to dismiss the case. See TEX. FAM.CODE §§ 51.02(2), 54.05(b).

IV. CONCLUSION
We hold that the juvenile court did have jurisdiction over N.J.A. after she turned eighteen, but that jurisdiction did not include the authority to adjudicate her. Therefore, we reverse the court of appeals' judgment, vacate the juvenile court's adjudication and disposition orders of N.J.A., and remand this case to the juvenile court for further proceedings consistent with this opinion.
Justice ABBOTT filed a concurring and dissenting opinion, in which Chief Justice PHILLIPS and Justice HECHT joined.
Justice ABBOTT, joined by Chief Justice PHILLIPS and Justice HECHT, concurring in part and dissenting in part.
I agree with the Court's conclusion that the trial court had jurisdiction over N.J.A. I dissent from the Court's judgment, however, because I believe that the trial court's jurisdiction was not limited to considering a transfer under Family Code section 54.02(j). To the contrary, I believe the trial court had the authority to adjudicate N.J.A. I also dissent because I believe the Court misreads and misapplies Family Code section 54.05 concerning dispositions and section 54.03 concerning adjudications.

I
N.J.A. was sixteen years old the night she engaged in delinquent conduct. As that night began, Frank Medina and N.J.A. were both working at McDonald's restaurant. N.J.A. left work around 10:00 p.m. Frank stayed with others to clean up and close the restaurant. After N.J.A. left, she told her boyfriend, Chris Rubio, that Frank had hit her on the head and made a motion feigning grabbing her breast. Chris was known to have a very short temper, and in this instance became particularly enraged. He loaded two baseball bats into N.J.A.'s car, and asked N.J.A. to drive him to a friend's house. There, two of Chris's friends, Nathan and Alfred, piled into N.J.A.'s car, and she drove them to a parking lot adjacent to McDonald's, where they waited for Frank. At about midnight, Frank took some grease to a dumpster behind the restaurant. There was testimony that N.J.A. saw Frank from her car, then said to Chris and his friends: "If you're going to get him, get him now." Chris and his two friends walked up behind Frank with their baseball bats, hit him behind the knees, dropping him to the ground, and then proceeded to bludgeon him repeatedly with the bats and with their fists. N.J.A. then drove the three assailants out of the parking lot and to a highway where they discarded the baseball bats. After the incident, Frank was taken to a hospital and treated for severe head trauma. Thirteen days later, he died.
The State brought charges against Chris, Nathan, Alfred, and N.J.A. When the State filed its original petition alleging N.J.A. acted delinquently, she was seventeen years old. In an attempt to certify N.J.A. as an adult and have her case transferred to district court for criminal proceedings, the State also filed a waiver of jurisdiction and certification petition. See TEX. FAM.CODE § 54.02. The court, however, decided not to certify N.J.A. as an adult. The State then filed an amended petition while N.J.A. was still seventeen. *558 By the time her delinquency trial finally began, N.J.A. had turned eighteen.
On a theory of conspiracy, the juvenile court found that N.J.A. "unlawfully, intentionally and knowingly cause[d] bodily injury to Luis Francisco Medina by using a deadly weapon, namely a baseball bat," and committed her to the Texas Youth Commission for an indeterminate sentence. N.J.A.'s attorney then questioned the juvenile court's jurisdiction on the basis that N.J.A. had turned eighteen before the trial. The juvenile court overruled N.J.A.'s objections and signed an order committing her to the Texas Youth Commission. N.J.A. appealed, arguing that the juvenile court lost jurisdiction when she turned eighteen. The court of appeals agreed, and reversed the trial court's judgment. 991 S.W.2d 868.

II
Family Code section 51.04(a) governs a juvenile court's jurisdiction. It plainly states:
§ 51.04. Jurisdiction
(a) This title covers the proceedings in all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child within the meaning of this title at the time he engaged in the conduct, and the juvenile court has exclusive original jurisdiction over proceedings under this title.
(emphasis added). This section's current language is the result of an amendment passed by the Legislature in 1975 specifically to shift the jurisdictional focus from a person's age at the time of trial to the person's age at the time she engaged in the conduct. See Act of May 19, 1975, 64th Leg., R.S., ch. 693, § 5, sec. 51.04(a), 1975 Tex. Gen. Laws 2152, 2153.[1] It is undisputed that N.J.A. was a child "at the time [she] engaged in the conduct." Hence, the juvenile court had jurisdiction over N.J.A.
It bears noting that this continuing jurisdiction is not by virtue of Family Code section 54.02(j), as the Court mistakenly asserts. See 997 S.W.2d at 555. Section 54.02(j) was enacted in the same bill that shifted section 51.04's jurisdictional focus. It merely acknowledges the juvenile court's continuing jurisdiction when it states that "[t]he juvenile court may waive its exclusive original jurisdiction and transfer a person" who is eighteen or older if certain narrow conditions are met. TEX. FAM.CODE § 54.02(j). Contrary to what the Court implies, the source of the juvenile court's continuing jurisdiction provides no justification for limiting that jurisdiction to transfers under section 54.02(j).
The primary statutory support cited by the Court for its decision to terminate the juvenile court's ability to adjudicate N.J.A. is actually no support at all. The Court relies on Texas Family Code section 54.05(b) to conclude that the trial court had no jurisdiction to adjudicate N.J.A. "[b]ecause all dispositions, except for commitment to the Texas Youth Commission, terminate at age eighteen." 997 S.W.2d at 555. The Court's reliance on section 54.05(b) is misplaced.
Section 54.05 of the Texas Family Code provides in pertinent part:
§ 54.05. Hearing to Modify Disposition
(a) Any disposition, except a commitment to the Texas Youth Commission, may be modified by the juvenile court as provided in this section until:
(1) the child reaches his 18 th birthday; or

*559 (2) the child is earlier discharged by the court or operation of law.
(b) Except for a commitment to the Texas Youth Commission, all dispositions automatically terminate when the child reaches his 18 th birthday.
TEX. FAM.CODE § 54.05(a), (b). This section refers only to dispositions. Section 54.05(b) thus terminates only the juvenile court's punishments that are not commitments to the Youth Commission. It does not apply to N.J.A., who was committed to the Youth Commission.
Nowhere does section 54.05(b) say that a juvenile court loses the power to hold a hearing and adjudicate a person delinquent once they have turned eighteen. Adjudication hearings are governed by a different provision, section 54.03. The Court's reliance on section 54.05 ignores the clear distinction Texas courts have been careful to draw between an adjudication and a modification of disposition. See Murphy v. State, 860 S.W.2d 639, 642-43 (Tex.App.Fort Worth 1993, no pet.); J.K.A. v. State, 855 S.W.2d 58, 60-61, 64 (Tex.App.Houston [14 th Dist.] 1993, writ denied); In the Matter of J.B.S., Jr., 696 S.W.2d 223, 225 (Tex.App.San Antonio 1985, no writ). Moreover, a commentator that the Court's opinion relies upon arguescontrary to the Court's rationale that section 54.05(b) should not prevent a modification of disposition hearing from occurring after a juvenile turns eighteen. See DAWSON, TEXAS JUVENILE LAW 22, 216 (4 th ed.1996).
The Court's conclusion is contrary to the intent of the Legislature's 1975 amendment. The Legislature has specifically stated that juvenile courts continue to have "exclusive jurisdiction" over a person who was a "child" at the time she engaged in delinquent conduct. See TEX. FAM.CODE § 51.04. The Court's opinion reads all the jurisdiction out of that jurisdiction. Over a century ago, this Court stated that "jurisdiction of the court means the power or authority which is conferred upon a court... to hear and determine causes between parties, and to carry its judgments into effect." Withers v. Patterson, 27 Tex. 491, 496 (1864) (emphasis added); see also 16 TEX. JUR.3d Courts § 41 (1997) ("[J]urisdiction is the power to hear and determine issues of law and fact involved in a case, and to render a judgment thereon ....") (footnotes omitted, emphasis added). Under the Court's reading, once a juvenile turns eighteen, a juvenile court cannot "hear and determine cases," or "carry its judgment into effect." The juvenile court's "jurisdiction" means only the power to dismiss or transfer a case.

III
The Court's opinion may pose problems with the State's ability to enforce its juvenile justice laws. For example, a juvenile who commits a misdemeanor on the eve of his seventeenth birthday, but is not apprehended for nine months, may evade adjudication if the State, despite a valiant effort, is unable to complete an adjudication hearing before the juvenile turns eighteen. Similarly, a problem may arise if, in addition to adjudication hearings, the Court's opinion also applies to hearings to modify dispositions. In that situation, a juvenile court may not be able to revoke the probation of juveniles who violate their probation during the last several days or weeks before their eighteenth birthdays. See DAWSON, supra, at 22. In these cases, it matters not whether the reason for delay in prosecution is due to the district attorney's office or the inability to arrest the juvenile. Even when the juvenile is not brought to justice promptly through no fault of the State, the result is the same.
Because I believe that the juvenile court retained jurisdiction to adjudicate N.J.A., I would reverse the court of appeals' judgment and reinstate the judgment rendered by the trial court.
I strongly urge the Legislature to reevaluate the Family Code provisions discussed in this case and clarify the statutes *560 to ensure that juvenile delinquents cannot evade justice.
NOTES
[1] The dissent complains that the Court ignores section 54.03 of the Family Code, which governs adjudication. But section 54.03 is irrelevant to our analysis here. Section 54.03 provides the procedural requirements of adjudicating a child. See TEX. FAM.CODE § 54.03. Section 54.03 does not implicate a juvenile court's authority to adjudicate a person who is eighteen years old or older.
[1] The same bill amended Penal Code section 8.07 to require a juvenile court transfer hearing before a person who commits an offense while younger than seventeen can be prosecuted in a criminal court. See Act of May 19, 1975, 64th Leg., R.S., ch. 693, § 24, sec. 8.07, 1975 Tex. Gen. Laws 2152, 2158. Thus, the Legislature also moved the criminal court's inquiry to the defendant's age at the time of conduct, rather than at the time of trial.