Motion for Rehearing Overruled; Opinion of February 13, 2007, Withdrawn








Motion for Rehearing Overruled; Opinion of February
13, 2007, Withdrawn.  Affirmed
and Substitute Majority Opinion and Concurring Opinion filed August 9, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00554-CV

_______________

 

In the Matter of T.A.W.

                                                                                                      
                                         

On Appeal from 314th District Court

Harris County, Texas

Trial Court Cause No. 04-00310J

                                                                                                                        
                       

 

S U B S T I T U T E   M A J O R I T Y   O P I N I O N

 

Appellant=s motion for rehearing is overruled,
our opinion issued in this case on February 13, 2007 is withdrawn, and the
following opinion is issued in its place.








T.A.W.[1]
appeals his conviction for delinquent conduct[2]
on the grounds that:  (1) the trial court lost jurisdiction over the case when
appellant turned eighteen; and (2) the jury=s finding in favor of probation
supercedes its conflicting finding of commitment to the Texas Youth Commission
(ATYC@).  We affirm.

                                                                   Background

T.A.W. was born on August 22, 1986. 
On April 15, 2001, the date of the alleged offense, T.A.W. was fourteen years
old.  The State filed its petition alleging delinquent conduct on May 21, 2004,
when T.A.W. was seventeen.  T.A.W.=s delinquency trial began in March
2005, when he was eighteen years old.

Jurisdiction of Trial Court

T.A.W.=s first issue argues that the trial
court lost jurisdiction after his eighteenth birthday because there is no
finding or evidence of prosecutorial due diligence prior to trial or during the
adjudication and disposition proceedings.

As is relevant here, a juvenile court
has exclusive, original jurisdiction over all proceedings involving a person
who has engaged in delinquent conduct as a result of acts committed before age
seventeen.  See Tex. Fam. Code Ann. '' 51.02 (Vernon Supp. 2006), 51.04
(Vernon 2002).  Although a juvenile court does not lose jurisdiction when a
juvenile turns eighteen, such jurisdiction is generally limited to either
transferring the case under section 54.02(j) or dismissing the case.  In re
N.J.A., 997 S.W.2d 554, 556 (Tex. 1999).  However, a child who objects to
the jurisdiction of the court over the child because of the child=s age must raise the objection at the
adjudication hearing.  Tex. Fam. Code Ann. ' 51.042(a) (Vernon 2002).  A child
who does not so object waives any right to object on that ground at a later
hearing or on appeal.  Id. ' 51.042(b).  In this case, because
T.A.W. made no  objection to the jurisdiction of the trial court over him, his
first issue presents nothing for our  review.[3] 
Accordingly, it is overruled.








Jury Findings

T.A.W.=s second issue contends that the jury=s finding in answer to question 2
constitutes a finding in favor of probation:

Question No. 2: Do you find by a
preponderance of the evidence that the Juvenile Respondent, [T.A.W.], in the
Juvenile Respondent=s home, cannot be provided the quality of care and level of
support and supervision that the Juvenile Respondent needs to meet the
conditions of probation?

Answer: We do not.

T.A.W. argues that this finding
thereby supercedes, as a matter of law, the jury=s finding of commitment to TYC for
fourteen years because it was a finding that T.A.W.=s home was an appropriate place to
meet the conditions of probation.

However, the court=s charge on disposition authorized
the jury to either sentence T.A.W. to commitment in the TYC or to place him on
probation.  An affirmative response to question 2 would have been required in
order for the jury to place T.A.W. on probation outside his home,[4]
but was not a decision whether to place him on probation.








In support of his position, appellant
relies on section 54.04(i)(1)(C), requiring a trial court to include in its
order of determination an affirmative finding on the issue set forth in
question 2 in order to place a child on probation outside the home or to commit
the child to the TYC.  See Tex. Fam. Code Ann. ' 54.04(i)(1)(C) (Vernon Supp. 2006).  Although the court
included an affirmative finding on this issue in its commitment order (contrary
to the jury=s negative finding in response to question 2), this finding, regardless
of by whom it is made, bears only on the choice between probation inside the
home versus probation outside the home, and not on the choice between probation
and TYC commitment.  In other words, it does not logically follow from the fact
that a defendant=s home would be a suitable place for conducting probation
that probation must be selected.  If, as in this case, probation is found to be
wholly inappropriate, even outside the home, the fact that it could have been
provided in appellant=s home, if it had been appropriate, is immaterial.

Because T.A.W.=s second issue does not, therefore,
demonstrate that the jury=s answer to question 2 precludes the sentence of commitment
to the TYC, it is overruled, and the judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment
rendered and Substitute Majority Opinion and Concurring Opinion filed August 9,
2007.

Panel
consists of Justices Anderson, Edelman, and Frost.  (Frost, J., concurring)









[1]           In an opinion from the appeal of a juvenile
court proceeding, the child is identified by his initials rather than by name.
Tex. Fam. Code Ann. ' 56.01(j) (Vernon 2002).





[2]           A jury found that appellant committed
aggravated sexual assault and sentenced him to commitment at the Texas Youth
Commission with a transfer to the Texas Department of Criminal Justice (ATDCJ@) for a term of
fourteen years.





[3]           In addition, a juvenile court=s jurisdiction is retained if: (1) the petition or
motion was filed while the respondent was under eighteen; (2) the proceeding is
not complete before the respondent turns eighteen; and (3) the court enters a
finding that the prosecutor exercised due diligence in an attempt to complete
the proceeding before the respondent turns eighteen.  Tex. Fam. Code Ann. '
51.0412  (Vernon 2002).  The existence of the first two of these conditions is
undisputed.  As to the third, T.A.W.=s
brief acknowledges that the trial court made a finding of due diligence at the
hearing on the motion for new trial.  He does not contend or cite authority
that this finding was required to be made in any other manner or by any earlier
time in the proceeding.  T.A.W. also asserts that there is no evidence to
support this finding.  However, the record reflects that, prior to trial, the
State detailed several trial settings at which it had appeared and announced Aready@ prior to
T.A.W. turning eighteen, and stated that it had exercised due diligence in
trying to bring T.A.W. to trial before his eighteenth birthday.  For the first
of these trial dates, which appears to be prior to T.A.W.=s eighteenth birthday, T.A.W. requested the reset. 
The numerous other resets, which occurred after T.A.W. turned eighteen, were
requested by either T.A.W. or the court.  Therefore, his brief does not
demonstrate that the trial court did not retain jurisdiction over him under
section 51.0412.





[4]           See Tex. Fam. Code Ann. '
54.04(c) (Vernon Supp. 2006).