

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00050-CV

IN THE MATTER OF D.S.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-103611-16

----------

## MEMORANDUM OPINION[1]

----------

On August 8, 2016, the State initiated in juvenile court a jurisdiction waiver and transfer proceeding against twenty-three-year-old D.S. under section 54.02(j) of the family code, alleging that when he was fifteen years old, he committed the offenses of aggravated sexual assault of a child and indecency with a child by contact. Following an evidentiary hearing, the juvenile court signed an order

---

[1]See Tex. R. App. P. 47.4.

waiving its jurisdiction over D.S.'s case and transferring it to criminal district court.  In two issues, D.S. appeals from that order.  We affirm.

## I.  THE STATUTORY SCHEME

Title 3 of the Texas Family Code governs the proceedings in all cases involving the delinquent conduct engaged in by a person who was a child at the time the person engaged in the conduct.  Tex. Fam. Code Ann. § 51.04(a) (West Supp. 2016).  In such cases, the juvenile courts have exclusive original jurisdiction.  *Id.*  Relevant to this case, "delinquent conduct" includes "conduct, other than a traffic offense, that violates a penal law of this state . . . punishable by imprisonment or by confinement in jail."  *Id.* § 51.03(a)(1) (West Supp. 2016).  And the term "child" means a person who is

> (A) ten years of age or older and under 17 years of age; or

> (B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

*Id.* § 51.02(2) (West Supp. 2016).  Aggravated sexual assault of a child and indecency with a child by contact are both violations of a state penal law that is punishable by imprisonment.  *See* Tex. Penal Code Ann. § 12.32(a) (West 2011) (providing that a first-degree felony is punishable by imprisonment), § 12.33 (West 2011) (providing that a second-degree felony is punishable by imprisonment), § 21.11(d) (West 2011) (providing that indecency with a child by contact is a second-degree felony), 22.021(e) (West Supp. 2016) (providing that

2

aggravated sexual assault of a child is a first-degree felony). Thus, the juvenile courts have exclusive original jurisdiction over all proceedings in which a defendant allegedly committed the offense of aggravated sexual assault of a child or indecency with a child by contact when he was fifteen years of age. Tex. Fam. Code Ann. §§ 51.02(2), .03(a)(1), .04(a); *see In re N.J.A.*, 997 S.W.2d 554, 555 (Tex. 1999) (stating that the juvenile court has exclusive, original jurisdiction over all proceedings involving a defendant who is a child when the alleged offense occurred).

But while Title 3 vests the juvenile courts with exclusive original jurisdiction over all proceedings in such cases, it also provides that they generally have no jurisdiction to conduct a disposition hearing involving, or to adjudicate, a person who is eighteen years of age or older. *See N.J.A.*, 997 S.W.2d at 555. Rather, after a person has turned eighteen, the authority of the juvenile courts is generally limited to doing one of two things: they can waive their exclusive original jurisdiction and transfer the person to the appropriate district court or criminal district court in accordance with the requirements of Texas Family Code section 54.02(j), or they can dismiss the case. Tex. Fam. Code Ann. § 54.02(j) (West 2014); *see N.J.A.*, 997 S.W.2d at 556 (holding that juvenile court maintains jurisdiction over a person who is eighteen years of age or older and allegedly engaged in delinquent conduct when a child, but that "such jurisdiction is limited to transferring the case under section 54.02(j) if all criteria are satisfied or to dismissing the case").

3

Section 54.02(j) provides as follows:

(j) The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

(1) the person is 18 years of age or older;

(2) the person was:

(A) 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

(B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

(C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

4

(ii) the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

Tex. Fam. Code Ann. § 54.02(j). All five parts of section 54.02(j) must be met before a juvenile court can waive its exclusive original jurisdiction and transfer a person to criminal district court under that provision. *N.J.A.*, 997 S.W.2d at 556–57.

## II. PROBABLE CAUSE

In his first issue, D.S. argues that the juvenile court abused its discretion by waiving its exclusive jurisdiction and transferring his case to criminal district court because the evidence presented at the hearing was insufficient to support its finding that there was probable cause to believe he committed the offenses alleged in the State's waiver and transfer petition. *See* Tex. Fam. Code Ann. § 54.02(j)(5). Probable cause exists when there are sufficient facts and circumstances to warrant a prudent person to believe that the suspect committed or was committing the offense. *See In re C.M.M.*, 503 S.W.3d 692, 702 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

### A. STANDARD OF REVIEW

We review a challenge to the sufficiency of the evidence supporting a juvenile court's findings of fact regarding a waiver and transfer determination

5

under traditional evidentiary-sufficiency principles. *See Moon v. State*, 451 S.W.3d 28, 47 (Tex. Crim. App. 2014); *In re H.Y.*, 512 S.W.3d 467, 478–79 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *see also In re G.B.*, No. 02-17-00055-CV, 2017 WL 2871619, at *7–8 (Tex. App.—Fort Worth July 6, 2017, no pet. h.). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *H.Y.*, 512 S.W.3d at 479 (citing *Moon v. State*, 410 S.W.3d 366, 371 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28). If more than a scintilla of evidence supports the finding, then there is legally sufficient evidence to support it, and a legal-sufficiency challenge fails. *Id.* Under a factual sufficiency challenge, we consider all of the evidence presented to determine if the court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.*

If the juvenile court's findings are supported by legally and factually sufficient evidence, then we review the ultimate waiver decision under an abuse of discretion standard. *See Moon*, 451 S.W.3d at 47; *H.Y.*, 512 S.W.3d at 479. To determine whether the juvenile court abused its discretion by waiving its jurisdiction and transferring a juvenile defendant to criminal district court, we ask whether it acted without reference to guiding rules or principles in reaching its decision. *See Moon*, 451 S.W.3d at 47.

## B. ALLEGED OFFENSES

In its waiver and transfer petition, the State alleged that on or about May 1, 2009, D.S. committed three counts of aggravated sexual assault of a child by intentionally or knowingly (1) causing the anus of D.R., a child younger than fourteen years of age, to contact the sexual organ of D.S.; (2) causing the penetration of the mouth of D.R., a child younger than fourteen years of age, by D.S.'s sexual organ; and (3) causing the sexual organ of D.R., a child younger than fourteen years of age, to contact the mouth of D.S.  *See* Tex. Penal Code Ann. § 22.021(a)(1)(B), (a)(2)(B) (West Supp. 2016).  It also alleged that on or about May 1, 2009, D.S. committed two counts of indecency with a child by contact by (1) engaging in sexual contact with D.R., a child younger than seventeen years of age, by touching D.R.'s sexual organ with intent to arouse or gratify the sexual desire of D.S.; and (2) causing D.R., a child younger than seventeen years of age, to engage in sexual contact by causing, with intent to arouse or gratify D.S.'s sexual desire, D.R. to touch the sexual organ of D.S.  *See id.* § 21.11(a)(1), (c) (West 2011).

## C. EVIDENCE

The only evidence presented at D.S.'s waiver and transfer hearing was the testimony of two witnesses:  Corporal Benjamin Banes, who, during the time relevant to this appeal, was a detective with the Fort Worth Police Department assigned to the Crimes Against Children Unit, and Patsy Paxton, a Tarrant County Juvenile Services court officer.  Corporal Banes testified that he had

7

been assigned a case of sexual assault of a child involving D.S. after D.R.'s father, A.R., phoned police on January 4, 2015, to report that D.R. had been sexually assaulted. He testified that during the course of his investigation, he interviewed D.R. about the alleged sexual assault. D.R. told Corporal Banes that during the spring of his fifth grade year, D.R. and D.S. were at D.R.'s residence in Fort Worth when D.S. caused D.S.'s sexual organ to contact D.R.'s anus; that D.S. caused D.S.'s sexual organ to penetrate D.R.'s mouth; that D.S.'s mouth contacted D.R.'s sexual organ; that D.S. touched D.R.'s sexual organ or genitals; and that D.R. touched D.S.'s sexual organ or genitals. Corporal Banes testified that his investigation revealed that at the time this alleged conduct occurred, D.R. would have been eleven years old, and D.S. would have been fifteen. Corporal Banes stated that during his investigation, he did not receive any information that D.R. was being untruthful or that he had made up the allegations against D.S.

On cross-examination, D.S.'s counsel attempted to develop a line of questioning intended to establish that D.M., another person who shared D.S.'s first name, was the person who had sexually assaulted D.R. and that D.R. had misidentified D.S. as the person who had allegedly sexually assaulted him. To establish that theory, D.S.'s counsel referred to a video of an interview Corporal Banes conducted of A.R. The video, however, was not introduced into evidence at D.S.'s waiver and transfer hearing and is not a part of our record. And Corporal Banes testified that he did not remember there having been two persons mentioned with D.S.'s first name during the course of his investigation.

8

Corporal Banes did, however, acknowledge that although D.S. had been a childhood friend of D.R.'s older brother for many years, D.R. was not able to provide D.S.'s last name when Corporal Banes interviewed him. However, Corporal Banes also testified that he was able to identify D.S. as the person who had committed the alleged sexual assault against D.R. because A.R. had provided him with a Facebook-type photograph with D.S.'s face circled and told him that the person indicated in that photograph was the person who D.R. said had committed the alleged sexual assault.

Paxton testified that part of her duties as a Tarrant County Juvenile Services court officer included performing psychological or prediagnostic evaluations of respondents before the juvenile adjudication process. She testified that although the juvenile court had ordered that a psychological evaluation be performed on D.S., one had not been obtained because D.S.'s counsel never consented. She also testified that D.S.'s counsel had met with her and stated that D.S. had passed a polygraph examination and was declining to submit to the psychological evaluation. On cross-examination, Paxton testified that she had read the polygraph results, that D.S. had been asked the same questions that were before the juvenile court, and that the results stated there was no deception indicated.

## D. ANALYSIS

Considering the evidence favorable to the juvenile court's probable-cause finding and disregarding all contrary evidence unless a reasonable factfinder

9

could not, we conclude that more than a scintilla of evidence supports the trial court's finding that there was probable cause to believe that D.S. committed the offenses alleged in the State's waiver and transfer petition. *See Moon*, 451 S.W.3d at 47; *H.Y.*, 512 S.W.3d at 479. Further, considering all of the evidence presented at the waiver and transfer hearing, we conclude that the juvenile court's probable-cause finding is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Moon*, 451 S.W.3d at 47; *H.Y.*, 512 S.W.3d at 479. Accordingly, we conclude that the juvenile court's probable-cause finding is supported by legally and factually sufficient evidence.

Having concluded that the trial court's probable-cause finding is supported by sufficient evidence, we now consider whether the juvenile court's ultimate waiver and transfer decision was an abuse of discretion. *See Moon*, 451 S.W.3d at 47; *H.Y.*, 512 S.W.3d at 479. The juvenile court's waiver and transfer order shows that the juvenile court based its decision to waive its jurisdiction and transfer D.S.'s case to criminal district court on its conclusion that all five of family code section 54.02(j)'s criteria were met. *See* Tex. Fam. Code Ann. § 54.02(j); *see also N.J.A.*, 997 S.W.2d at 556–57 (stating that all five parts of section 54.02(j) must be satisfied before a juvenile court can waive its exclusive original jurisdiction and transfer a person to district court). The only reason D.S. advances for his contention that the juvenile court's waiver and transfer order was an abuse of discretion is that the trial court's probable-cause finding is not

10

supported by sufficient evidence. We have concluded otherwise. And we also conclude that the trial court did not abuse its discretion by waiving its jurisdiction and transferring D.S.'s case to criminal district court on the ground that all five of section 54.02(j)'s criteria were met. *See H.Y.*, 512 S.W.3d at 483 (holding similarly).

We overrule D.S.'s first issue.

## III. HEARSAY

In his second issue, D.S. argues that the trial court reversibly erred by admitting hearsay at the waiver and transfer hearing. He complains specifically about certain testimony from Corporal Banes.

### A. THE CHALLENGED TESTIMONY

Corporal Banes testified that he had been assigned to investigate an alleged sexual-assault-of-a-child case involving D.S. after the alleged victim's father, A.R., called the police to report that D.S. had sexually assaulted his child, D.R. Corporal Banes testified that he interviewed D.R. as part of his investigation and that D.R. told him what D.S. had done. When the State asked Corporal Banes to tell the court what D.R. said D.S. had done, D.S. raised a hearsay objection, which the trial court overruled.[2] Corporal Banes answered that D.R. told him that when he was eleven years old and D.S. was fifteen, "[D.S.]

_____

[2]With the sole exception of his objection during closing arguments that the State's failure to call D.R. as a witness violated his right to confrontation, this hearsay objection is the only objection D.S. raised at the waiver and transfer hearing.

11

touched [D.R.'s] penis with his hand, had [D.R.] touch [D.S.'s] penis with [D.R.'s] hand" and that D.R. "also described oral sex both ways and that [D.S.] penetrated [D.R.'s] anus with [D.S.'s] penis[,] and then after that had happened, [D.S.] again put his penis in [D.R.'s] mouth." D.S. argues that the trial court reversibly erred by admitting this testimony.

## B. STANDARD OF REVIEW

We review a trial court's decision to admit evidence for an abuse of discretion. *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011); *In re M.R.*, No. 02-15-00221-CV, 2015 WL 6759249, at *6 (Tex. App.—Fort Worth Nov. 3, 2015, no pet.) (mem. op.). But even if a trial court's decision to admit evidence was erroneous, we nevertheless will not reverse the trial court's judgment unless the complaining party shows that such error was harmful—that is, unless the complaining party shows that the error in admitting the evidence probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1; *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

## C. ANALYSIS

The crux of D.S.'s argument is his contention that the rules of evidence apply to a waiver and transfer proceeding under family code section 54.02(j). D.S. argues that family code section 51.17(c) makes the rules of evidence applicable to such proceedings. Section 51.17(c) provides, "Except as otherwise provided by this title, the Texas Rules of Evidence applicable to criminal cases and Articles 33.03 and 37.07 and Chapter 38, Code of Criminal Procedure, apply

12

in a judicial proceeding under this title." Tex. Fam. Code Ann. § 51.17(c) (West 2014).

We need not and do not reach the question of whether family code section 51.17(c) makes the rules of evidence applicable to a waiver and transfer proceeding conducted under family code section 54.02(j) because we conclude that even assuming it does and that the trial court erred by admitting the complained-of testimony, D.S. cannot show that any such error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1; *see H.Y.*, 512 S.W.3d at 473–75, (declining to decide whether family code section 51.17(c) makes the rules of evidence applicable to a juvenile waiver and transfer proceeding because appellant could not show harm from the allegedly erroneous admission of hearsay testimony). Error in the admission of objected-to evidence is generally harmless if the complaining party later allows the same or similar evidence to be introduced without objection. *See Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235–36 (Tex. 2007). The record here shows that the same evidence to which D.S. objected came in without objection shortly thereafter. Specifically, just a little while after the State asked Corporal Banes to relate what D.R. had said to him during his interview and D.S. objected, the State covered that very same ground with him again, this time without objection:

> [State]: You described all the contacts that [D.R.] told you [D.S.] had with him, but I want to make sure I'm clear for the record.
>
> [Corporal Banes]: Okay.

13

[State]: You described that [D.S.] caused [D.S.'s] sexual organ to contact [D.R.'s] anus?

[Corporal Banes]: Correct.

[State]: You described that [D.S.] caused [D.S.'s] sexual organ to penetrate [D.R.'s] mouth?

[Corporal Banes]: Correct.

[State]: You described that [D.S.'s] mouth contacted [D.R.'s] sexual organ?

[Corporal Banes]: Correct.

[State]: You described that [D.S.] touched [D.R.'s] sexual organ or genitals?

[Corporal Banes]: Correct.

[State]: And you described that [D.R.] touched [D.S.'s] sexual organ or genitals?

[Corporal Banes]: That's correct.

[State]: Okay. Did he describe anything else?

[Corporal Banes]: Not that I recall.

Thus, even assuming the rules of evidence applied to D.S.'s section-54.02(j) waiver and transfer hearing and the trial court erred by admitting the testimony that D.S. objected to, any such error was harmless because Corporal Banes subsequently provided the very same testimony without objection. Tex. R. App. P. 44.1; *see Bay Area*, 239 S.W.3d at 235–36 (Tex. 2007) (holding that appellant failed to preserve complaint that trial court erred in admitting testimony over his objection because the same evidence was later admitted without objection); *see*

14

*also H.Y.*, 512 S.W.3d at 473–75 (holding that any error in admission of objected-to evidence in juvenile transfer proceeding was harmless because virtually all of the complained-of evidence was contained in a probation report, which was admitted without objection).  We overrule D.S.'s second issue.

## IV.  CONCLUSION

Having overruled both of D.S.'s issues, we affirm the juvenile court's order waiving its jurisdiction and transferring D.S.'s case to criminal district court.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, SUDDERTH, and KERR, JJ

DELIVERED:  July 27, 2017