**AFFIRMED and Opinion Filed March 26, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01429-CV

## IN THE MATTER OF G.O., A JUVENILE

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-70001-2019**

## MEMORANDUM OPINION

Before Justices Osborne, Partida-Kipness, and Pedersen, III
Opinion by Justice Osborne

The trial court, sitting as a juvenile court, waived jurisdiction and transferred G.O. to criminal district court for criminal proceedings. *See* TEX. FAM. CODE § 54.02(j). In two issues, G.O. contends (1) the juvenile court failed to make case-specific fact findings in support of its decision and (2) the evidence is legally and factually insufficient to establish that G.O. was more than fourteen years of age at the time of the offense. Concluding that the juvenile court's fact findings and the evidence are sufficient to support its order, we affirm.

## BACKGROUND

At the time of the hearing from which this appeal arises, G.O. was 26 years old. The juvenile court waived its jurisdiction and ordered G.O. to be transferred to the district court to be prosecuted as an adult for offenses he allegedly committed when a juvenile.

The offense alleged was sexual assault of B.O., a relative living in G.O.'s home, who was eight years and nine months younger than G.O. The issue at the hearing was G.O.'s age at the time of the offenses.

Fernando Robledo, a certified peace officer with the Collin County Sheriff's Department, was the first witness at the hearing. He is assigned to the Collin County Child Abuse Task Force. He observed the forensic interview of B.O. at the Collin County Child Advocacy Center in late 2018. He explained that G.O.'s parents are B.O.'s great-aunt and great-uncle, and B.O. was living in their home. In the forensic interview, B.O. explained that G.O. sexually abused her multiple times when she was approximately six or seven years old. Robledo testified that B.O.'s 2018 forensic interview was the first report law enforcement received about G.O.'s alleged sexual abuse of B.O.

Robledo also testified that after B.O.'s interview, G.O. came to the Child Advocacy Center and spoke with Robledo. Robledo testified that G.O.'s story "evolved" as the interview proceeded. He first admitted tickling B.O. and touching her vaginal area. When confronted with B.O.'s outcry of additional sexual abuse,

G.O. admitted to putting on a condom and rubbing B.O.'s sexual organ over his erect penis and ejaculating when neither B.O. nor G.O. was wearing any clothes. G.O. told Robledo that B.O. was probably in the first or second grade when the abuse occurred, and G.O. was 13 or 14. Robledo testified that in his opinion, there was probable cause to believe that G.O. committed the offense of aggravated sexual assault of B.O.

B.O., age 17 at the time of the hearing, testified that CPS placed her with G.O.'s parents just before her third birthday. B.O. considered them to be her parents although they did not formally adopt her. She explained that when their parents would go grocery shopping, G.O. would remove B.O.'s clothes, put on what B.O. now knows was a condom, and penetrate her sexual organ with his. G.O. referred to his conduct as "tickling" her, so when she complained of the "tickling" to her parents, they considered it to be normal conduct between siblings.

B.O. testified that the assaults occurred over a period of about a year, before and after her seventh birthday. She recalled that her mother had been out shopping for her birthday dinner and cake when one of the assaults occurred. B.O. also testified that the assaults occurred before G.O. was able to drive. She said that G.O. "wasn't even able to drive yet because they happened up until he got his first girlfriend, and I still remember our family having to take her home some nights because [G.O.] wasn't able to drive her home."

B.O. did not make any outcry at the time of the offenses. She told G.O.'s parents only after G.O. was no longer living in the home but was returning to the home for overnight visits. She then told a nurse at school, and the school notified law enforcement.

On cross-examination, B.O. confirmed that she had told the forensic interviewer that G.O. played "All Star Baseball" around the time the assaults occurred, and that the assaults stopped after G.O. had started dating his first girlfriend Courtney and he got a flat-screen TV in his room.

G.O.'s mother ("Mother") testified that B.O. came to live with them in 2005, when B.O. was three years old and G.O. was twelve. She confirmed that B.O. did not make any outcry of abuse by G.O. until many years later. She testified that B.O. told her "everything stopped when [G.O.] got his first girlfriend Courtney." She is "a hundred percent sure" that G.O. began dating Courtney when G.O. was in the seventh grade, because there is school yearbook picture of them attending a dance together in 2006. G.O. was thirteen years old at the time of the dance. Mother brought the yearbook and photograph to trial, and the photograph was admitted into evidence.

Mother also testified that the summer after G.O. completed seventh grade, Courtney accompanied the family on a swimming trip to Oklahoma. Mother testified that Courtney and G.O. stopped dating the following school year. Like B.O., Mother recalled that G.O. did not have his driver's license when he dated Courtney, because

she and her husband would drive G.O. and Courtney back and forth between their homes.

Mother also testified that G.O. was in All Star Baseball in 2005, and the age limitation for that league was 14. She identified a newspaper article dated July 15, 2005, with a picture of the team including G.O., and testified that G.O. did not participate in All Star Baseball in high school. Mother also contradicted B.O.'s testimony about the flat-screen TV in G.O.'s room, saying that G.O. paid for the TV with his own money when he was a senior in high school.

After the hearing, the juvenile court made findings of fact, including a finding that "there is probable cause to believe that [G.O.] was 14 years of age or older and under 17 years of age at the time he is alleged to have committed the 1st degree felony offense of Aggravated Sexual Assault of a Child." The court waived jurisdiction and ordered transfer of G.O. to the district court "for proper criminal proceedings." This appeal followed.

### APPLICABLE LAW AND STANDARDS OF REVIEW

Title 3 of the Texas Family Code governs proceedings in all cases involving delinquent conduct engaged in by a person who was a child at the time the alleged conduct occurred. *See* TEX. FAM. CODE §§ 51.04(a). The juvenile court has exclusive original jurisdiction over these proceedings. *Id.* The juvenile court, however, has no jurisdiction to adjudicate or conduct a disposition hearing regarding a person who is 18 years old or older. *In re N.J.A.*, 997 S.W.2d 554, 555 (Tex. 1999). Instead, the

family code allows the juvenile court to waive its exclusive, original jurisdiction and transfer a person who is 18 years old or older to an appropriate district court for criminal proceedings if certain criteria are met. *Id.* at 555–56.

To waive its jurisdiction and transfer the case, the juvenile court must find that (1) the respondent is currently 18 years of age or older; (2) the respondent was 14 years of age or older and under 17 years old at the time he allegedly committed the offense; (3) the alleged offense had not been adjudicated or no adjudication hearing concerning the offense had been conducted; (4) by a preponderance of the evidence, that for a reason beyond the State's control, it was not practicable to proceed in juvenile court before the respondent's 18th birthday; and (5) there was probable cause to believe that the respondent committed the offense. TEX. FAM. CODE ANN. § 54.02(j); *In re N.J.A.*, 997 S.W.2d at 556.

"Our review of a transfer order is two-pronged." *Matter of L.W.*, No. 05-19-00966-CV, 2020 WL 728431, at *9 (Tex. App.—Dallas Feb. 13, 2020, no pet. h.) (mem. op.). First, we review the juvenile court's specific findings of fact concerning the section 54.02(j) factors under a traditional sufficiency of the evidence review. *See id.* (citing *Moon v. State*, 451 S.W.3d 28, 47 (Tex. Crim. App. 2014)). In determining whether legally sufficient evidence supports a finding under review, we consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Matter of A.B.*, No. 02-18-00274-CV, 2019 WL 983751, at *2 (Tex. App.—Fort

–6–

Worth Feb. 28, 2019, no pet.) (mem. op.). If more than a scintilla of evidence supports the finding, a legal sufficiency challenge fails. *Id.* Under a factual sufficiency challenge, we consider all the evidence presented to determine if the court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* at \*3.

Second, we review the juvenile court's ultimate waiver decision for abuse of discretion. *Matter of L.W.*, 2020 WL 728431, at \*9. A juvenile court abuses its discretion if it acts without reference to guiding rules and principles. *Matter of A.B.*, 2019 WL 983751, at \*3. The factfinder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id.*

**DISCUSSION**

## A. Specificity of findings

In his first issue, G.O. complains that the juvenile court abused its discretion by transferring the case to district court without making the necessary case-specific findings of fact. Because G.O. was over the age of 18 at the time of the transfer hearing, subsection (j) of family code section 54.02 applied to the proceeding. *See* TEX. FAM. CODE § 54.02(j)(1) (waiver of jurisdiction for person 18 years of age or older at time of transfer hearing). G.O. argues that the juvenile court's findings numbered two, four, and five lack the specificity required under subsection (h) of section 54.02. *See* TEX. FAM. CODE § 54.02(h) (juvenile court "shall state specifically in the order its reasons for waiver"); *Moon*, 451 S.W.3d at 49–50

–7–

(appellate court must limit its sufficiency review to facts that juvenile court expressly relied upon as required to be explicitly set out in transfer order under § 54.02(h)). In *Moon*, the court explained that the purpose of section 54.02(h) "is not well served by a transfer order so lacking in specifics that the appellate court is forced to speculate as to the juvenile court's reasons for finding transfer to be appropriate or the facts the juvenile court found to substantiate those reasons." *Moon*, 451 S.W.3d at 49.

The State argues that *Moon* addressed orders under subsection (h) of section 54.02, not subsection (j), and in any event, the juvenile court's order in this case included case-specific findings from which a reviewing court may determine that the ruling was appropriately guided by statutory criteria.

The juvenile court found that G.O. is "a person 18 years of age or older," a fact that G.O. does not dispute, although the juvenile court's first finding of fact also misstates G.O.'s birth date as November 15, 1995, instead of the correct date of September 21, 1992. Even under the incorrect date, G.O. was older than 18 at the time of the hearing on June 27, 2019. The juvenile court also found:

> 2. That there is probable cause to believe that [G.O.] was 14 years of age or older and under 17 years of age at the time he is alleged to have committed the 1st degree felony offense of Aggravated Sexual Assault of a Child.
>
> . . .
>
> 4. The [C]ourt finds from a preponderance of the evidence that after due diligence of the [S]tate it was not practicable to proceed in juvenile

court before the 18th birthday of [G.O.] because the State did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person.

5. The Court finds there is probable cause to believe that the Respondent committed the alleged offense.

The evidence supporting the juvenile court's fourth and fifth findings is undisputed. As to the fourth finding, the only evidence in the record is that B.O. made no outcry until November 2018, after G.O.'s 26th birthday. As to the fifth finding, B.O. testified to G.O.'s sexual assaults, and Robledo testified that G.O. admitted his own conduct constituting the offenses.[1] There was no evidence to the contrary. *See Matter of D.L.C.*, No. 06-16-00058-CV, 2017 WL 1055680, at *6 (Tex. App.—Texarkana Mar. 21, 2017, no pet.) (mem. op.) ("In fact, there may be no reversible error even when the juvenile court's order seemingly restates the factors contained in Section 54.02, as long as the enumerated reasons were supported by the evidence.").

The only disputed fact was G.O.'s age at the time of the offenses. In *Matter of D.L.C.*, a finding that "D.L.C. was sixteen years of age at the time the alleged offense(s) occurred" was sufficiently specific to provide a definite basis for the appellate court to determine that the juvenile court's decision was "'appropriately guided by the statutory criteria, principled, and reason[able].'" *Id.* at *7 (quoting

---

[1] *See* TEX. PENAL CODE § 22.021(a)(1)(B) (defining aggravated sexual assault of a child to include intentionally or knowingly causing the sexual organ of a child to contact or penetrate the sexual organ of another person, including the actor, if the victim is younger than 14 years of age). The juvenile court's order included a specific finding tracking the statutory language.

–9–

*Moon*, 451 S.W.3d at 49). Here, the juvenile court found that G.O. was "was 14 years of age or older and under 17 years of age" at the time of the offense, a finding that tracks the applicable statutory language. *See* TEX. FAM. CODE § 54.02(j)(2)(B).

G.O. also argues that the juvenile court's findings do not include the findings required under subsections (a) and (f) of section 54.02. But because G.O. was "18 years of age or older" at the time of the hearing, subsection (j) applied to establish the required findings. *Compare* TEX. FAM. CODE §§ 54.02(a) (applying to transfer of "child") and 54.02(f) (factors to consider "in making the determination required by Subsection (a)") *with* TEX. FAM. CODE § 54.02(j) (required findings for transfer of person 18 years of age or older). Findings under subsection (a) and (f) were not required. *See Matter of D.L.C.*, 2017 WL 1055680, at *5 (because D.L.C. was 18 years of age at time of hearing on State's petition for discretionary transfer, factors in subsection (j) of § 54.02 applied, not factors in subsections (a) and (f)).

We conclude that the juvenile court's order contained sufficiently specific findings on subsection 54.02(j)'s factors. *See id.* at 6–7. We decide G.O.'s first issue against him.

## B. Sufficiency of the evidence

In his second issue, G.O. argues that the evidence is legally and factually insufficient to establish that G.O. was 14 years of age or older at the time of the alleged offenses. *See* TEX. FAM. CODE § 54.02(j)(2)(B). Although there was conflicting evidence regarding G.O.'s age at the time of the offense, the record

–10–

contains some evidence that the incidents occurred around B.O.'s seventh birthday in July 2008, when G.O. was 15 years old. Consequently, there is more than a scintilla of evidence to support the juvenile court's finding that G.O. was 14 years of age or older and under 17 years of age at the time of the alleged offense. *See Matter of A.B.*, 2019 WL 983751, at \*6. We conclude the evidence is legally sufficient to support the juvenile court's finding. *See id.*

As G.O. argues, there is also evidence to support a contrary finding. B.O. testified that the abuse "happened up until [G.O.] got his first girlfriend," and Mother testified that G.O. took Courtney to a dance in February 2006 and on a trip in the summer of that year, when G.O. was thirteen years old and B.O. was four or five. But B.O. also testified unequivocally about the abuse before and after her seventh birthday. G.O. also cites B.O.'s testimony that G.O. was playing baseball at the time of the abuse, and relies on Mother's testimony that he played All Star Baseball in 2005. The State replies that B.O. clarified on cross-examination that she meant G.O. "was a really good baseball player" and did not make a specific reference to an exact date when G.O. was playing on the All Star Baseball team. These factual discrepancies were for the juvenile court to resolve. *Matter of A.B.*, 2019 WL 983751, at \*6. The juvenile court was free to accept or reject any or all of any witness's testimony, and to reconcile any apparent inconsistencies in the testimony. *See id.* B.O. testified that G.O. assaulted her on at least 20 occasions before and after her seventh birthday. She had specific recollection of the date because she

–11–

remembered decorating her cake and her mother going to the store to buy things for the party. On B.O.'s seventh birthday, G.O. was fifteen. We conclude the juvenile court's findings are not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* at \*3.

Next, we consider whether the juvenile court abused its discretion by waiving its jurisdiction and transferring G.O.'s case. *See Moon*, 451 S.W.2d at 47. The court's order reflects its findings that all of section 54.02(j)'s criteria were met. *See* TEX. FAM. CODE ANN. § 54.02(j)(1)–(5); *Matter of D.S.*, No. 02-17-00050-CV, 2017 WL 3187021, at \*4 (Tex. App.—Fort Worth July 27, 2017, pet. denied) (mem. op.). G.O. argues that the great weight and preponderance of the evidence shows otherwise, but we have concluded there is factually sufficient evidence to support the juvenile court's findings. We conclude the juvenile court did not abuse its discretion by waiving its jurisdiction and transferring G.O.'s case to criminal district court on the ground that all five of section 54.02(j)'s criteria were met. *See id.* We decide G.O.'s second issue against him.

## CONCLUSION

We affirm the juvenile court's order waiving its jurisdiction and transferring

G.O.'s case to criminal district court.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

191429F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF G.O., A
JUVENILE

No. 05-19-01429-CV

On Appeal from the 417th Judicial
District Court, sitting as Juvenile
Court, Collin County, Texas
Trial Court Cause No. 417-70001-
2019.
Opinion delivered by Justice
Osborne. Justices Partida-Kipness
and Pedersen, III participating.

In accordance with this Court's opinion of this date, the November 8, 2019 order of the trial court, sitting as juvenile court, waiving jurisdiction and transferring respondent to district court is **AFFIRMED**.

Judgment entered March 26, 2020