**Motion for Rehearing granted; Memorandum Majority and Dissenting Opinions and Judgment filed April 18, 2024, Withdrawn; and Reversed and Rendered and Memorandum Majority and Dissenting Opinions on Rehearing filed July 23, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00802-CV**

---

**IN THE MATTER OF K.A., Appellant**

---

**On Appeal from the 474th District Court
McLennan County, Texas
Trial Court Cause No. 2023-75-J**

---

### MEMORANDUM MAJORITY OPINION ON REHEARING

In this accelerated appeal, appellant K.A. challenges the order of the juvenile court waiving its exclusive jurisdiction and transferring appellant to the criminal district court for resolution of charges of aggravated sexual assault, which the State alleges occurred when appellant was between the ages of 14 and 17 years of age.

In issue one, appellant argues the trial court's finding that a "preponderance of the evidence established that, after due diligence of the State, it was not practicable to proceed in juvenile court before [appellant's] 18th birthday because

[appellant] could not be found" is not supported by legally-sufficient evidence.[1] Alternatively, K.A. argues in issue two that this court should modify the order of the trial court to strike the phrase "because [appellant] could not be found."

We conclude that the trial court's finding that "it was not practicable to proceed in juvenile court before [appellant's] 18th birthday" was not supported by legally-sufficient evidence and reverse the order.

## I.    BACKGROUND

In June 2023, the State filed a petition for discretionary transfer to a criminal district court in McLennan County alleging that appellant committed the offense of aggravated sexual assault of a child on his minor stepsister. At the time the State's petition was filed, appellant was an adult, although the State alleged that he committed the offense while a juvenile. At the hearing, the primary dispute was appellant's age at the time of the alleged offense.

At the conclusion of the hearing, the trial court orally announced it would waive jurisdiction and transfer the case to district court. The court later signed an order specifically stating the reasons for waiver, as required by statute. Tex. Fam. Code Ann. § 54.02(h). This appeal timely followed. Tex. Fam. Code Ann. § 56.01(c)(1)(A) (appeal permitted from trial court order transferring child for prosecution as adult).

## II.    ANALYSIS

In issue one, appellant challenges the evidence supporting the overall practicability of whether the State could have proceeded before appellant's

---

[1] The Supreme Court of Texas ordered the Court of Appeals for the Tenth District of Texas to transfer this appeal (No. 10-23-00322-CV) to this court. Misc. Docket No. 23-9079 (Tex. Sept. 26, 2023); *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

eighteenth birthday. Alternatively, in issue two, appellant asks this court to render a judgment nunc pro tunc to remove from the required findings in the transfer order the explanation that it was not practicable to proceed against appellant "because [appellant] could not be found."

## A.    Applicable law

Texas juvenile courts have exclusive, original jurisdiction over cases involving what otherwise would be criminal conduct by children 10 years of age or older, but younger than 17 years of age.[2] Tex. Fam. Code Ann. §§ 51.02(2)(a), .03(a)(1), .04(a). Under section 54.02(j), a juvenile court may transfer to the criminal district court for trial a case involving a person who is alleged to have committed a felony as a child and has reached their eighteenth birthday. Tex. Fam. Code Ann. § 54.02(j).

Under section 54.02(j), a juvenile court may waive its jurisdiction, as applicable to the allegations here, if:

(1) the person is 18 years of age or older;

(2) the person was 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree;

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because the state

---

[2] The guiding principle is that "children should be protected and rehabilitated rather than subjected to the harshness of the criminal system because children, all children are worth redeeming." *Hidalgo v. State*, 983 S.W.2d 746, 754 (Tex. Crim. App. 1999) (internal quotation marks omitted); *see also* Tex. Fam. Code Ann. § 51.01(2) (purpose of Juvenile Justice Code). Similarly, the Supreme Court has described statutory transfer proceedings of children to the criminal system as "critically important" as the process must "measure up to the essentials of due process and fair treatment" before a child loses their protected status. *Kent v. United States*, 383 U.S. 541, 562 (1966).

did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person; or the person could not be found; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

*See* Tex. Fam. Code Ann. § 52.04(j) (applicable provisions). The statute further requires the juvenile court to conduct a hearing without a jury to consider the waiver of jurisdiction. Tex. Fam. Code Ann. § 52.04(l).

If the juvenile court waives jurisdiction, it shall state specifically, in the written order, its reasons for waiver and certify its action, including the written order and findings of the court, and shall transfer the person to the appropriate court for criminal proceedings. Tex. Fam. Code Ann. § 52.04(h). On transfer of the person for criminal proceedings, the person shall be dealt with as an adult and in accordance with the Code of Criminal Procedure. *Id.*

In this case, appellant was a 23-year-old adult when the State first filed its petition. The juvenile court did not have jurisdiction to adjudicate the allegations against appellant because he was no longer a juvenile. *In re N.J.A.*, 997 S.W.2d 554, 557 (Tex. 1999). Instead, the juvenile court had the limited jurisdiction granted by section 54.02(j) to "to waive its exclusive original jurisdiction and transfer a case to district court if the person is eighteen years old or older and certain criteria are met." The supreme court has further explained that "if the person is over age eighteen, and section 54.02(j)'s criteria are not satisfied, the juvenile court's only other option is to dismiss the case." *Id.*; *see Moore v. State*, 532 S.W.3d 400, 405 (Tex. Crim. App. 2017) ("The State has the burden under Section 54.02(j)(4)(A) and its failure to get around to this case in time did not meet that burden.").

## B.    Standard of review

On appeal from a juvenile court's order waiving its exclusive jurisdiction,

we begin by reviewing the legal sufficiency of the evidence to support the juvenile court's findings under section 54.02(j). *In re C.M.M.*, 503 S.W.3d 692, 701 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also In re A.M.*, 577 S.W.3d 653, 659 (Tex. App.—Houston [1st Dist.] 2019, pet. granted) ("In reviewing a discretionary transfer, we evaluate the trial court's findings of fact under traditional sufficiency-of-the-evidence principles."). If the juvenile court's findings are supported by legally-sufficient evidence, then we review the ultimate waiver decision under an abuse-of-discretion standard. *C.M.M.*, 503 S.W.3d at 701.

A court abuses its discretion if it acts without reference to any guiding rules and principles. *In re Nat'l Lloyds Ins.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding). Courts have held that "[a] juvenile court abuses its discretion when its decision to transfer is essentially arbitrary, given the evidence upon which it was based." *C.M.M.*, 503 S.W.3d at 701 (citing *Moon v. State*, 451 S.W.3d 28, 47 (Tex. Crim. App. 2014), *overruled on other grounds by Ex parte Thomas*, 623 S.W.3d 370 (Tex. Crim. App. 2021)). "By contrast, a waiver decision representing 'a reasonably principled application of the legislative criteria' generally will pass muster under this standard of review." *C.M.M.*, 503 S.W.3d at 701 (quoting *Moon*, 451 S.W.3d at 47).

## C.     Practicable to proceed before appellant's eighteenth birthday

Appellant argues that the finding of the trial court that it was not practicable for the State to proceed against appellant in juvenile court before his eighteenth birthday was not supported by legally-sufficient evidence.

We begin with the statutory finding made by the trial court which provides: "A preponderance of the evidence established that, after due diligence of the State, it was not practicable to proceed in juvenile court before [appellant's] 18th birthday because [appellant] could not be found."[3] This order differs from the oral

---

[3]Both appellant and the State agree that the statement "because [appellant] could not be

rendition made by the trial court after the hearing with respect to the reason it was not practicable to proceed before appellant's eighteenth birthday:

> And then there's a question of whether by a preponderance of the evidence, I find that it was not practicable to proceed in juvenile court before [appellant's] 18th birthday, which I do find, because apparently an outcry was not made until 2022 after he was already 21 or 22 years of age, and after due diligence it was not practicable for the State to proceed here in juvenile court before [appellant's] birthday, because the State did not have probable cause to proceed before that time.

Although appellant and the State entered into an agreed stipulation that (1) appellant was over 18 years of age at the time of trial and (2) no adjudication concerning the alleged offense had been made, the stipulation did not address when the State first learned of the allegations against appellant. The State presented a single witness—the investigator for the State who interviewed appellant. However, the investigator was not asked when complainant's outcry was made known to the State.

Appellant testified he was interviewed about the allegations against him in May 2022. However, appellant's hearing testimony did not discuss when complainant first made an outcry known to the State or when the State began its investigation. Appellant's mother testified at trial that she was not aware of the allegations against appellant until "the investigation started in 2022."

There are also two signed statements in the record—one from appellant's father and another from his stepmother. Neither appellant's father nor his stepmother testified at the hearing.[4] In his May 2022 statement, appellant's father recounted that "around 5 years" before they had a family meeting to discuss information brought to him by complainant's father that appellant was touching

---

found" was erroneous.

[4] There was no objection to the admissibility of these statements at the hearing by appellant.

6

complainant inappropriately. The father's statement concludes with the comment that he thought everything was resolved after the meeting because the family had set up a schedule such that appellant and complainant would never be together unsupervised.

Appellant's stepmother described, in her statement, her limited recollection of the family meeting some years before, concluding that she thought everything had been resolved. Stepmother next states that complainant contacted her on April 21, 2022, needing to talk to her. Shortly thereafter stepmother received a call from an investigator asking for a statement.

Complainant first made an outcry to her family at least five years before the State began its investigation and before appellant was eighteen years of age, which is supported by uncontroverted statements introduced into evidence.[5] What is not in the record is evidence establishing if complainant made another later outcry in 2022 that was made known to the State, or when her original outcry was first made known to the State. Even the trial court's oral rendition highlights the lack of evidence as the trial court stated, "[A]pparently an outcry was not made until 2022 after he was already 21 or 22 years of age." The State had the burden of proof on this issue and put on no evidence of when it became aware of the allegations. The investigator's interview of appellant, which was introduced into evidence, refers to an outcry that complainant made at school. However, the record is silent as to when that outcry was made.[6]

---

[5] Although appellant challenged the timing of the family meeting referenced in his father's and stepmother's statements, he did not challenge the fact that complainant made an outcry to her father at that time. Appellant's interview with the investigator, which was introduced into evidence, further confirms complainant's outcry at least five years before the investigation.

[6] The dissent highlights evidence from appellant's recorded interview in which appellant stated when he became of aware of complainant's report to her school. However, the date on which appellant became aware of a report is not evidence of when the State first became aware of complainant's outcry.

We sympathize with the dissent because this is clearly a case in which something should have been done and was not. The State had the burden of proof. And the State failed to put on evidence of each element required to waive the jurisdiction of the juvenile court. It would have been a simple matter for the State to ask the investigator when the State first became aware of complainant's outcry against appellant. But the State neither asked its witness nor established this requirement with any direct evidence. It is not this court's role to fix the State's mistakes. It is our role to resolve legal issues based on the record before us.

On rehearing, the State argues that there is recent precedent from the Tenth Court of Appeals to which this opinion runs contrary. *See In re A.S.*, No. 10-23-00337-CV, 2024 WL 1326019, at *1 (Tex. App.—Waco Mar. 28, 2024, pet. filed) (mem. op.). We disagree but granted rehearing to address the opinion.

The facts in *A.S.* are initially similar to those in the instant case as the trial court made the following findings:

> Here, the trial court found: (1) A.S. was eighteen years of age or older; (2) A.S. was fourteen years of age or older and under seventeen years of age when he allegedly committed the first-degree-felony offense of aggravated sexual assault of a child; (3) no adjudication concerning the alleged offense had been made; (4) for reasons beyond the control of the State, it was not practicable to proceed in juvenile court before A.S.'s eighteenth birthday; and (5) there was probable cause to believe that A.S. committed the offense alleged.

*A.S.*, 2024 WL 1326019, at *2. The appellant in *A.S.* also challenged the legal sufficiency of the evidence supporting the juvenile court's finding that "for reasons beyond the control of the State, it was not practicable to proceed in juvenile court before [A.S.'s] eighteenth birthday." *Id*. However, that is where the similarities end. In *A.S.*, the complainant made her outcry to a friend approximately one year before the proceedings in the trial court. *Id*. She also testified that she only told her best friend about the allegations, who then told a sibling, who then told their

8

mother, who then told complainant's mother. *Id*. However, *A.S.* is not a case involving more than one outcry by the complainant. Further, nothing in the *A.S.* opinion suggests that the State does not have the burden to produce evidence establishing it was not practicable to proceed before a defendant's eighteenth birthday.

Another argument the State makes with respect to the sufficiency of the evidence is that the Tenth Court of Appeals appears to reference the police case number on an exhibit for the proposition "the alleged offense was established in 2022."[7] *A.S.*, 2024 WL 1326019, at *2. However, the opinion in *A.S.* does not explain how it arrived at the conclusion about when the case number was established and likely was supported by testimony from witnesses regarding the naming protocol for the Waco Police Department or the date the case was opened. Without more, there is nothing in the opinion of our sister court that suggests that this court can independently reach any assumptions about the naming protocol for files or exhibits generated by the police department or any other entity that are otherwise not in evidence. We therefore conclude our sister court's holding in *A.S.* is distinguishable and does not conflict with this opinion.

This case is complicated by the fact that complainant made an outcry before appellant was eighteen years of age. Without speculating, we cannot determine whether the State promptly addressed the allegations against appellant, or whether the State knew of the allegations before appellant's eighteenth birthday. Therefore, we conclude the trial court erred and abused its discretion because its decision to transfer was essentially arbitrary, given the evidence on which it was based. *See C.M.M.*, 503 S.W.3d at 701; Tex. Fam. Code Ann. § 54.02(j)(4)(A).

We sustain issue one and reverse the order of the trial court.

---

[7] The Tenth Court specifically states: "Furthermore, the Waco Police Department case number '22-8296' for the alleged offense was established in 2022 after A.S. was eighteen years of age." *A.S.*, 2024 WL 1326019, at *2.

## D.    Nunc pro tunc

In issue two, appellant argues that if this court finds the transfer order is supported by legally-sufficient evidence, we must render a judgment nunc pro tunc to correct the trial court's error. Because issue two is conditionally predicated on this court holding there is legally-sufficient evidence to support the order of transfer, we do not reach issue two.[8]

---

[8] Appellant addresses his request for a judgment nunc pro tunc for the first time to this court. Although appellant cites two different cases for the proposition that a judgment nunc pro tunc may be requested in an appellate court for the first time, both cases rely on reasoning from *Asberry* and *French* which are criminal appeals, without substantive discussion of whether that reasoning can be applied to civil appeals. *See Ajao v. Hall*, 654 S.W.3d 22, 25 n.6 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *Jordan-Nolan v. Nolan*, No. 07-12-00431-CV, 2014 WL 3764509, at *3 (Tex. App.—Amarillo July 28, 2014, no pet.); *see generally French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting *Asberry's* reasoning); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd). These cases are not precedent on this issue. *See In re Kholaif*, 624 S.W.3d 228, 231 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("Dictum is not binding as precedent under stare decisis."). Absent fundamental error, in civil appeals, parties must first preserve a complaint for appellate review in the trial court. *See* Tex. R. App. P. 33.1(a).

Even were it possible for a civil judgment nunc pro tunc to be requested for the first time on appeal, we further note that a judgment nunc pro tunc would be inappropriate in this context because the trial court's finding, if erroneous, was not a clerical error. *See Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) ("A clerical error is one which does not result from judicial reasoning or determination."). The erroneous finding constitutes a judicial error because correcting the error would be a substantive and material change. *See Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex. 1978) (judgment nunc pro tunc that changed party entitled to possession of personal property "materially altered the substance" of prior order and "[could] not be validly accomplished"); *In re Marriage of Russell*, 556 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (changes to judgment to correct division of property in judgment were substantive and not properly accomplished with judgment nunc pro tunc); *Hernandez v. Lopez*, 288 S.W.3d 180, 185–88 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (judgment nunc pro tunc that changed year of confirmation of father's child support arrearage from 2004 to 2003 created new payment obligation not present in original agreed order and impermissibly corrected judicial error).

### III. CONCLUSION

Having sustained issue one and without reaching issue two, we reverse the order of the trial court and render the judgment the trial court should have rendered by dismissing the State's case. *N.J.A.*, 997 S.W.2d at 557; *see* Tex. R. App. P. 43.2(c).


/s/ Charles A. Spain
   Justice

Panel consists of Justices Wise, Spain, and Hassan (Wise, J., dissenting).

11